FAXED

1   MORGAN, LEWIS & BOCKIUS LLP
    BARBARA J. MILLER, SBN 167223
2   JENNIFER L. BRADFORD, SBN 203871
    5 Park Plaza, Suite 1750
3   Irvine, CA 92614
    Telephone:  949.399.7000
4   Facsimile:   949.399.7001
    barbara.miller@morganlewis.com
5   jbradford@morganlewis.com

6
    Attorneys for Defendant
7   OFFICE DEPOT, INC.

E-filing

EMC

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10
    HOWARD DAVID PROVINE,                    Case No.   CV 11   0903
11  individually and on behalf of other
    persons similarly situated,
12                                           **DEFENDANT OFFICE DEPOT,
                  Plaintiff,                 INC.'S NOTICE OF REMOVAL
13                                           TO THE UNITED STATES
           vs.                               DISTRICT COURT FOR THE
14                                           NORTHERN DISTRICT OF
    OFFICE DEPOT, INC., and DOES 1           CALIFORNIA**
15  through 10,
                                             Class Action Fairness Act
16                Defendants.
                                             [28 U.S.C. §§ 1332(d), 1441, 1446,
17                                           1453]

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22239035.1

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, Defendant Office Depot, Inc. ("Office Depot") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Contra Costa, to the United States District Court for the Northern District of California. This Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Removal is based on the following grounds:

I.    **SUMMARY OF COMPLAINT**

1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes. *See* 28 U.S.C. § 1453.

2.    On January 19, 2011, Plaintiff Howard David Provine ("Plaintiff") filed his Class Action Complaint ("Complaint") against Office Depot in the Superior Court of the State of California for the County of Contra Costa, entitled *Howard David Provine v. Office Depot, Inc.* and designated Case No. C11-00194. A true and correct copy of Plaintiff's Complaint is attached as Exhibit A. A true and correct copy of Plaintiff's Proof of Service of Summons is attached as Exhibit B.

3.    On February 25, 2011, Office Depot filed an Answer to Plaintiff's Complaint. A true and correct copy of Office Depot's Answer is attached as Exhibit C.

4.    Plaintiff purports to bring and maintain this action as a class action under California Civil Procedure Code Section 382. (Ex. A, Compl. ¶¶ 11, 12.) Plaintiff seeks to represent a class of similarly situated employees consisting of the following four classes:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

     a.    <u>Overtime Wages Class</u>:  All persons who, at any time since the date three years preceding the filing of the complaint in this action, worked in California as a non-exempt employee at a retail store operated by Defendant and earned commissions or a bonus during a pay period in which the employee worked more than eight hours in a workday and/or more than forty hours in a workweek.

     b.    <u>Wage Statement Class</u>:  All persons who, at any time since the date one year preceding the filing of the complaint in this action, worked in California as a non-exempt employee at a retail store operated by Defendant and earned commissions or a bonus during a pay period in which the employee worked more than eight hours in a workday and/or more than forty hours in a workweek.

     c.    <u>Restitution Class</u>:  All persons who, at any time since the date four years preceding the filing of the complaint in this action, worked in California as a non-exempt employee at a retail store operated by Defendant and earned commissions or a bonus during a pay period in which the employee worked more than eight hours in a workday and/or more than forty hours in a workweek.

     d.    <u>Unpaid Final Wages Class</u>:  All persons who, at any time since the date three years preceding the filing of the complaint in this action, worked in California as a non-exempt employee at a retail store operated by Defendant and earned commissions or a bonus during a pay period in which the employee worked more than eight hours in a workday and/or more than forty hours in a workweek.

(Ex. A, Compl. ¶ 11.)

5.     In his Complaint, Plaintiff alleges that his "class action lawsuit arises out of the failure of [Office Depot] to pay all the overtime wages owed to non-exempt employees who earn commissions or bonus payments during pay periods in which they work overtime." (Ex. A, Compl. ¶ 1.)  Specifically, Plaintiff alleges that he earned commissions and/or bonuses during pay periods in which he worked overtime hours while he was employed with Office Depot.  (Ex. A, Compl. ¶ 6.) Plaintiff further alleges that Office Depot "did not pay Plaintiff all the overtime wages earned by Plaintiff during those pay periods, because Defendant did not factor into the calculation of Plaintiff's 'regular rate' of pay the amount of

commissions or bonus earned by Plaintiff during the pay period." (Ex. A, Compl. ¶ 6.) Plaintiff also alleges that Office Depot "failed to provide Plaintiff with accurate wage statements for those pay periods," "did not pay Plaintiff upon termination all the overtime wages earned by Plaintiff prior to termination," and "has not paid Plaintiff any of the penalty wages owed to him under Labor Code Section 203 for failing to pay all the wages owed to him upon termination." (Ex. A, Compl. ¶ 6.) Plaintiff further alleges that putative class members also were "not paid all their overtime wages, not provided accurate wage statements, and/or not paid all wages upon termination." (Ex. A, Compl. ¶ 6.) Based on these allegations, Plaintiff's Complaint is framed as a putative class action and seeks recovery for purported wage and hour violations under California law. Therefore, this matter is a class action as that term is defined pursuant to 28 U.S.C. §§ 1332(d)(1)(B) and 1453.[1]

6. Plaintiff's Complaint seeks to recover damages, penalties, and equitable relief on behalf of the proposed class for (1) the purported failure to pay overtime wages in violation of California law, (2) the purported failure to provide accurate wage statements in violation of California law, (3) purported unfair competition in violation of California Business and Professions Code Section 17200 *et. seq.*, and (4) the purported failure to pay all wages owed upon termination in violation of California law. (Ex. A, Compl. at 1.)

7. In connection with his claim for failure to pay overtime wages, Plaintiff seeks "unpaid overtime wages, interest thereon, reasonable attorney's fees and costs of suit." (Ex. A, Compl. ¶ 19.) In connection with his claim for failure to provide accurate wage statements, Plaintiff seeks to recover an aggregate penalty not to exceed $4,000 per employee under California Labor Code Section 226(a), reasonable attorneys' fees, and costs of suit. (Ex. A, Compl. ¶¶ 26, 27.) In

---

[1] Office Depot does not concede, and reserves the right to contest, Plaintiff's allegation that this lawsuit properly can proceed as a class action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

connection with his unfair competition claim, Plaintiff seeks restitution of the overtime wages allegedly withheld and retained by Office Depot during a period commencing four years prior to the filing of the Complaint, interest, and an award of attorney's fees pursuant to California Civil Procedure Code Section 1021.5.  (Ex. A, Compl. ¶¶ 31, 32.)  In connection with his claim for failure to pay all wages owed upon termination, Plaintiff seeks waiting time penalties in the amount of thirty days' wages for each putative class member, plus reasonable attorney's fees, prejudgment interest, and costs of suit.  (Ex. A, Compl. ¶¶ 39-42.)

## II.     THE REMOVAL IS TIMELY

8.     Office Depot has timely removed this action within thirty days of service.  Plaintiff's Proof of Service of Summons indicates that Plaintiff personally served Office Depot's registered agent for service of process with the Complaint on January 27, 2011.  Because this Notice of Removal is filed within thirty days of service of the Complaint on Office Depot, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

9.     No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.     THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

10.     This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA, because this matter was brought as a class action, diversity of citizenship exists between one or more members of the putative class and one or more defendant. the number of proposed class members is 100 or greater. and the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate, $5 million. exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1453. Removal under diversity jurisdiction is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

1

2    **A.    Diversity of Citizenship Exists Among the Parties**

3         11.    Diversity of citizenship exists in this matter because (1) Plaintiff was,

4    at the time that he filed this action, a citizen of California, (2) Office Depot is, and

5    was at the time that Plaintiff filed this action, not a citizen of California, but a

6    citizen of Delaware and Florida, and (3) the citizenship of the "Doe Defendants"

7    named in Plaintiff's Complaint must be disregarded for purposes of determining

8    diversity jurisdiction in this matter.

9              **1.    Plaintiff Is a Citizen of California**

10        12.    "An individual is a citizen of the state in which he is domiciled." *Boon*

11   *v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v.*

12   *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity

13   of citizenship jurisdiction, citizenship is determined by the individual's domicile at

14   the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243

15   F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir.

16   1986)).

17        13.    Plaintiff alleges that he "is a resident of Contra Costa County in

18   California." (Ex. A, Compl. ¶ 6.)  Furthermore, Plaintiff's classes are defined to

19   include only those individuals who worked for Office Depot in California. (Ex. A,

20   Compl. ¶ 11.)  Thus, Plaintiff was domiciled in the State of California at the time

21   that Plaintiff filed this action, and is therefore a citizen of California for purposes of

22   diversity jurisdiction in this matter.

23             **2.    Office Depot Is Not a Citizen of California**

24        14.    "[A] corporation shall be deemed to be a citizen of any State by which

25   it has been incorporated and of the State where it has its principal place of

26   business." 28 U.S.C. § 1332(c)(1).  Office Depot is, and was at the time that

27   Plaintiff filed this action, incorporated and existing under and by virtue of the laws

28   of the State of Delaware. (Ex. A, Compl. ¶ 8; Declaration of Lori Hale in Support

     of Office Depot's Notice of Removal ("Hale Decl.") ¶ 3.)

15.     A corporation's "principal place of business" as used in 28 U.S.C. § 1332(c) is a corporation's "nerve center," or "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *See Hertz v. Friend,* 130 S. Ct. 1181, 1192 (2010). "[I]n practice," the Supreme Court explained, "it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, . . . and not simply an office where the corporation holds its board meetings." *Id.* A corporation's principal place of business is often the office which the public considers to be its main place of business. *Id.* at 1193. The Supreme Court emphasized in *Hertz* that the "nerve center test" should be one of "administrative simplicity." *Id.*

16.     Office Depot's principal place of business is in the State of Florida. (Hale Decl. ¶ 4; *see also* Ex. A, Compl. ¶ 8.) Office Depot's headquarters is, and was at the time that Plaintiff filed this action, in Boca Raton, Florida. (Hale Decl. ¶ 4.) Office Depot's Florida headquarters serves as the corporation's "actual center of direction, control, and coordination." (Hale Decl. ¶ 5.) Office Depot holds the Florida office out to the public as its headquarters. (Hale Decl. ¶ 6.) Moreover, Office Depot's high level corporate officers are based in Florida, and Office Depot conducts the business of managing the corporation from Florida. (Hale Decl. ¶¶ 7-8.) Office Depot's corporate level functions are performed in the Florida office, and the majority of executive and administrative functions, including corporate finance, accounting, human resources, payroll, marketing, and legal, are directed from that office. (Hale Decl. ¶¶ 7,8.)

17.     Thus, for purposes of diversity jurisdiction in this matter, Office Depot is a citizen of Delaware and Florida, and not of California.

### 3.   The Citizenship of the "Doe Defendants" Must Be Disregarded

18.   In addition to Office Depot, the Complaint also names as defendants "Does 1 through 10." (Ex. A, Compl. ¶ 9.) The citizenship of fictitious "Doe" defendants, however, is disregarded for removal purposes. 28 U.S.C. § 1441(a); *e.g., Soliman v. Philip Morris, Inc.,* 311 F. 3d 966, 971 (9th Cir. 2002).

### B.   The Amount in Controversy Exceeds CAFA's Jurisdictional Minimum of $5 Million

19.   Pursuant to CAFA, the amount in controversy component of diversity jurisdiction is satisfied when the aggregated claims of the individual members in a putative class action exceed the sum or value of $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(6). Furthermore, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5 million either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Report, S. REP. 109-14, at 42.

20.   Where, as here, a plaintiff does not expressly plead a specific amount of damages, a defendant need only make a prima facie showing that it is more likely than not that the amount in controversy exceeds $5 million. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997); *Behrazfar v. Unisys Corp.,* 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal 2008) (citing *Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn,* 536 F. Supp. at 1204-05. In cases where statutory penalties are sought, "district courts in the Southern District of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

California and the Central District of California have looked to the statutory maximum . . . in determining whether the jurisdictional requirements of the CAFA have been met." *Id.* at 1205.

21.     In putative class actions seeking overtime, wage statement penalties, and/or waiting time penalties under California labor law, the amount in controversy for purposes of CAFA may be calculated by reference to the plaintiff's allegations and "the defendant's own numbers." *Rippee*, 408 F. Supp. 2d at 985-86 (finding that the amount of waiting time penalties at issue could be "calculated by multiplying the number of former employees in the proposed class by thirty days' wages[, which could] be calculated by multiplying the average number of hours worked by the average rate of pay"); *see also Korn*, 536 F. Supp. 2d at 1206 (finding that the defendant could establish CAFA's jurisdictional minimum by demonstrating that there were more than 5,000 putative class claims since the statutory maximum penalty for the plaintiff's claims was $1,000).

22.     Here, while Office Depot denies Plaintiff's factual allegations and denies that he or the class that he purports to represent is entitled to the relief for which he has prayed,[2] it is clear that when the maximum potential values of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint "more likely than not" put into controversy an amount well in excess of $5 million.

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Office Depot's reference to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Office Depot maintains that each of Plaintiff's claims is without merit and that Office Depot is not liable to Plaintiff. Office Depot specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Office Depot. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise.

**1.    Plaintiff's Fourth Cause of Action for Waiting Time Penalties for Failure to Pay All Wages Owed Upon Termination By Itself Places More Than $8 Million in Controversy**

23.    In connection with his claim for failure to pay all wages due upon termination, Plaintiff claims that he and each member of the putative class are entitled to waiting time penalties in the amount of thirty days' wages pursuant to California Labor Code Section 203. (Ex. A, Compl. ¶¶ 38-42.) Plaintiff's claim for waiting time penalties is subject to a three-year statute of limitations.

24.    Although Office Depot denies any liability, assuming, *arguendo*, that Plaintiff's allegations were true, this claim places more than $8 million in controversy. If it is assumed that all of the former non-exempt Office Depot employees who worked at California retail store locations, who were terminated after January 19, 2008, and who were paid commissions and/or a bonus during the time period between January 19, 2008 and their respective termination dates were compensated at only the California minimum wage rate of $8.00 per hour, then Plaintiff's claim for waiting time penalties places $1,920.00 at issue per former employee ($8.00 per hour X 8 hours per day X 30 days = $1,920.00 in penalties per former employee). Office Depot employed more than 4,300 former non-exempt employees in California at retail store locations who were terminated after January 19, 2008 and who were paid commissions and/or a bonus during the time period between January 19, 2008 and their respective termination dates. (Hale Decl. ¶ 9.) Thus, even if only the claims of these former Office Depot employees are considered, Plaintiff's claim for waiting time penalties places more than **$8,200,000** in controversy.

**2.    Plaintiff's Complaint Also Seeks Recovery of Attorney's Fees**

25.    "Where a statutory authority provides for attorneys' fees, the fees are included in the amount in controversy to reach CAFA's $5,000,000." *Chambers v. CVS Pharmacy, Inc.*, Civil No. 09cv0419 JAH (RBB), 2009 WL 2579661, at *2

(S.D. Cal. Aug. 19, 2009); *see also Sanchez v. Wal-Mart Stores, Inc.*, No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (finding, outside the CAFA context, that 28 U.S.C. § 1332(a)'s amount in controversy requirement includes attorney's fees).

26.   In his Complaint, Plaintiff seeks attorney's fees in connection with his first, second, second, third, and fourth causes of action. (Ex. A, Compl. ¶¶ 19, 27, 32, 42.)  He also requests attorney's fees in his Complaint's Prayer for Relief.  (Ex. A, Compl., at 11.)  Among the statutory bases cited by Plaintiff for these claims for attorney's fees are California Labor Code Sections 1194, 218, 218.5, and 226(e) and California Civil Procedure Code Section 1021.5.  (Ex. A, Compl. ¶¶ 19, 27, 32, 42.)

27.   If Plaintiff is able to demonstrate that he is entitled to recover on any of his claims for attorney's fees, which Office Depot specifically denies, then he will undoubtedly argue that the award of such fees should amount to a significant percentage of the total recovery.  *Guglielmino*, 506 F.3d at 698 (9th Cir. 2007) (describing measurement of attorneys' fees at 12.5 percent of economic damages for violations of wage provisions of California Labor Code in removal context as "conservative"); *cf. In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting, in the class action settlement context, that the benchmark for setting attorneys' fees is 25 percent of the common fund).[3]

---

[3] Office Depot specifically denies that Plaintiff is entitled to recover any award of attorney's fees, and specifically denies that if Plaintiff were entitled to such award, that such award would be sizeable.

3.   **Plaintiff's Claims for Overtime Wages and Non-Compliant Wage Statement Penalties Place Additional Amounts In Controversy**

28.   Plaintiff's Complaint also includes claims for unpaid overtime wages and penalties for the purported failure to provide compliant wage statements. Plaintiff seeks recovery on behalf of himself and the putative class members of unpaid wages and penalties on these claims. Office Depot's calculations of the amount in controversy for purposes of removal do not include any amounts for these claims. Even without including any amounts for these claims, the amount in controversy clearly exceeds $5,000,000. If these claims were factored into Office Depot's calculations, even more would potentially be at issue in this case.

IV.   **THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

29.   As set forth above, this Notice of Removal is filed within thirty days of service of the Complaint upon Office Depot.

30.   This action was originally filed in the California Superior Court for the County of Contra Costa. Venue is therefore proper in United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a), because this District encompass the county in which this action has been pending since its inception.

31.   Office Depot will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

32.   Plaintiff filed his Complaint on January 11, 2011. A true and correct copies of Plaintiff's Complaint is attached as Exhibit A. A true and correct copy of Plaintiff's Proof of Service of Summons is attached as Exhibit B. Office Depot filed an Answer to Plaintiff's Complaint on February 25, 2011. A true and correct of Office Depot's Answer is attached as Exhibit C. To Office Depot's knowledge, no other documents have been filed or served upon it. Consequently, these

documents, which are attached as Exhibits A through C, as required by 28 U.S.C. § 1446(a), constitute all of the process, pleadings, and orders served on or filed by the named defendant in this action.

33.     The prerequisites for removal under 28 U.S.C. §§ 1441, 1446, and 1453 have been met.

34.     Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(d), removal of this action is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

35.     If any questions arise as to the propriety of the removal of this action, then Office Depot respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

V.     **CONCLUSION**

36.     Based on the foregoing, Office Depot respectfully requests that this action be removed from the Superior Court of California in and for the County of Contra Costa to the United States District Court for the Northern District of California, and that all further proceedings in this matter take place in the United States District Court for the Northern District of California.

Dated:  February 25, 2011          MORGAN, LEWIS & BOCKIUS LLP

By _____
     Jennifer L. Bradford
     Attorneys for Defendant
     OFFICE DEPOT, INC.

# EXHIBIT A

ORIGINAL

FILED

2011 JAN 19 P 12: 34

K. TORRE, CLERK OF THE SUPERIOR COURT
OF THE COUNTY OF CONTRA COSTA, CALIF.

1  Dennis F. Moss - State Bar No. 77512
   Gregory N. Karasik - State Bar No. 115834
2  Spiro Moss LLP
   11377 W. Olympic Boulevard, 5th Floor
3  Los Angeles, California 90064-1683
   Tel. (310) 235-2468; Fax (310) 235-2456
4  dennisfmoss@yahoo.com
   greg@spiromoss.com
5
   Alexander I. Dychter - State Bar No. 234526
6  Dychter Law Offices, APC
   625 Broadway, Suite 600
7  San Diego, California 92101
   Tel: (619) 487-0777; Fax: (619) 330-1827
8  alex@dychterlaw.com
9  Attorneys for Plaintiff
   HOWARD DAVID PROVINE
10

SUMMONS ISSUED

PER LOCAL RULES 5 THIS
CASE IS ASSIGNED TO
DEPT. 17

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        COUNTY OF CONTRA COSTA

13  HOWARD DAVID PROVINE, individually    )  Case No.
    and on behalf of other persons similarly  )          C 11 - 0 0 1 9 4
14  situated,                              )
                                           )  CLASS ACTION
15                     Plaintiff,          )
                                           )  COMPLAINT
16       vs.                               )
                                           )  1.   Failure to Pay Overtime Wages
17                                         )  2.   Failure to Provide Accurate Wage
    OFFICE DEPOT, INC., and DOES 1 through )       Statements
18  10,                                    )  3.   Unfair Competition
                                           )  4.   Failure to Pay All Wages Owed Upon
19                     Defendants.         )       Termination
                                           )
20  ─────────────────────────────────────  )  DEMAND FOR JURY TRIAL

21

22

23       Plaintiff Howard David Provine ("Plaintiff"), on behalf of himself and all others similarly

24  situated, complains and alleges as follows:

25                              INTRODUCTION

26       1.   This class action lawsuit arises out of the failure of defendant Office Depot

27  ("Defendant") to pay all the overtime wages owed to non-exempt employees who earn commissions or

28  bonus payments during pay periods in which they work overtime.

─────────────────────────
COMPLAINT
1

FILE BY FAX

2.     Plaintiff is a members of and seeks to be the class representative for the Overtime Wages Class, Wage Statement Class, Restitution Class and Unpaid Final Wages Class (collectively the "Class") defined in paragraph 11 below.

3.     Plaintiff seek unpaid overtime wages, civil penalties, statutory penalties and restitution to which Plaintiff and other class members are entitled under the Labor Code, applicable Wage Orders, and/or Business and Professions Code Section 17203.

## JURISDICTION AND VENUE

4.     Venue is proper in this Judicial district and the County of Contra Costa because work was performed by class members in the County of Contra Costa and Defendant's legal obligations to class members under California law arose and were breached in the County of Contra Costa.

5.     The California Superior Court has jurisdiction in this matter because Plaintiff is a residents of California, Defendant is qualified to do business in California, and Defendant regularly conducts business in California.  Further, there is no federal question at issue as the claims herein are based solely on California law.

## THE PARTIES

A.     **Plaintiff**

6.     Plaintiff is a resident of Contra Costa County in California.  Plaintiff worked in a non-exempt position at a retail store operated by Defendant in Antioch, California from approximately June 13, 2010 to December 30, 2010.  At times during his employment with Defendant, Plaintiff earned commissions for selling Product Protection Plans, earned commissions for selling Technology Services, and/or earned a "Bravo Award" bonus during pay periods in which he worked overtime hours, i.e., more than eight hours in a workday and/or more than forty hours in a workweek.  When Plaintiff earned commissions and/or a bonus during pay periods in which he worked overtime hours, Defendant did not pay Plaintiff all the overtime wages earned by Plaintiff during those pay periods, because Defendant did not factor into the calculation of Plaintiff's "regular rate" of pay the amount of commissions or bonus earned by Plaintiff during the pay period.  Defendant also failed to provide Plaintiff with accurate wage statements for those pay periods, because the wage statements for those pay periods did not state the correct amount of gross or net wages earned by Plaintiff.  Defendant discharged Plaintiff on December

1   30, 2010 but did not pay Plaintiff upon termination all the overtime wages earned by Plaintiff prior to

2   termination. To date, Defendant has not paid Plaintiff any of the penalty wages owed to him under

3   Labor Code Section 203 for failing to pay all the wages owed to him upon termination.

4         7.     The members of the Class are identifiable, similarly situated persons who were non-

5   exempt employees of Defendant not paid all their overtime wages, not provided accurate wage

6   statements, and/or not paid all wages upon termination.

7   **B.    Defendants**

8         8.     Defendant is a corporation organized under the laws of the State of Delaware which

9   maintains its principal place of business in the State of Florida. At all times relevant to this action,

10  Defendant was the employer of Plaintiff and other members of the class.

11        9.     Plaintiff is ignorant of the true names, capacities, relationships and extent of

12  participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 10, but is

13  informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful

14  conduct alleged herein and therefore sue these Defendants by such fictitious names. Plaintiff will

15  amend this complaint to allege their true names and capacities when ascertained.

16        10.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in all

17  respects pertinent to this action as the agent of the other Defendants, and/or carried out a joint scheme,

18  business plan or policy in all respects pertinent hereto, and/or the acts of each Defendant are legally

19  attributable to the other Defendants.

20                    CLASS ACTION ALLEGATIONS

21        11.    Plaintiff brings this action on behalf of himself and on behalf of all other similarly

22  situated persons as a class action pursuant to Code of Civil Procedure Section 382. The members of the

23  Class belong to the Overtime Wage Statement Class, Restitution Class and/or Unpaid Final Wages

24  Class, which are defined as follows:

25        **Overtime Wages Class:** All persons who, at any time since the date three years
          preceding the filing of the complaint in this action, worked in California as a non-
26        exempt employee at a retail store operated by Defendant and earned commissions or a
          bonus during a pay period in which the employee worked more than eight hours in a
27        workday and/or more than forty hours in a workweek.

28  ///

---

COMPLAINT

3

**Wage Statement Class:** All persons who, at any time since the date one year preceding the filing of the complaint in this action, worked in California as a non-exempt employee at a retail store operated by Defendant and earned commissions or a bonus during a pay period in which the employee worked more than eight hours in a workday and/or more than forty hours in a workweek.

**Restitution Class:** All persons who, at any time since the date four years preceding the filing of the complaint in this action, worked in California as a non-exempt employee at a retail store operated by Defendant and earned commissions or a bonus during a pay period in which the employee worked more than eight hours in a workday and/or more than forty hours in a workweek.

**Unpaid Final Wages Class:** All persons whose employment with Defendant ended at any time since the date three years preceding the filing of the complaint in this action who worked in California as a non-exempt employee at a retail store operated by Defendant and earned commissions or a bonus during a pay period in which the employee worked more than eight hours in a workday and/or more than forty hours in a workweek.

12.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

a.      The Class members are so numerous that the individual joinder of all of them as named plaintiffs is impractical. While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that there are not less than 100 members in the Overtime Wages Class, not less than 100 members in the Wage Statement Class, not less than 100 members in the Restitution Class, and not less than 100 members in the Unpaid Final Wages Class.

b.      Common questions of law and fact exist as to members of the Class and predominate over any questions which affect only individual members of the Class. These common questions include, but are not limited to:

(1)     Did Defendants, in violation of Labor Code Section 510, fail to pay non-exempt employees all overtime wages owed to them?

(2)     Did Defendants, in violation of Labor Code Section 226, fail to provide accurate wage statements to non-exempt employees?

(3)     Did Defendants, in violation of Labor Code Sections 201 or 202, fail to

pay non-exempt employees upon termination all the overtime wages they earned prior to termination?

    (4)    Did Defendants act willfully when they failed to pay non-exempt employees upon termination all the overtime wages they earned prior to termination?

    (5)    Are Defendants liable for damages under Labor Code Section 1194?

    (6)    Are Defendants liable for damages under Labor Code Sections 201 or 202?

    (7)    Are Defendants liable for penalty wages under Labor Code Section 203?

    (8)    Are Defendants liable for civil penalties under Labor Code Section 226?

    (9)    Are Defendants liable for restitution under Business and Professions Code Section 17203?

    (10)   Are Defendants liable for pre-judgment interest?

    (11)   Are Defendants liable for attorney's fees?

c.    Plaintiff is a member of the Overtime Wages Class, Wage Statement Class, Restitution Class and Unpaid Final Wages Class; and the claims of Plaintiff are typical of the claims of the other Class members who Plaintiff seeks to represent. Plaintiff was formerly employed by Defendants and was subjected to the same unlawful practices as other employees of Defendants. Plaintiff and other members of the Class suffered the same injuries and seek the same relief.

d.    Plaintiff will adequately and fairly protect the interests of the members of the Class. Plaintiff has no interest adverse to the interests of absent Class members. Plaintiff is represented by legal counsel who have substantial class action experience in civil litigation and employment law.

e.    A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously,

efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of litigation would make it difficult or impossible for Class members to seek and obtain relief through individual lawsuits. A class action will serve an important public interest by providing Class members an effective mechanism for pursuit of the sums owed to them.

13.     Plaintiff is presently unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action, but reserves the right to modify his allegations and/or the class definition based on further investigation, discovery or legal developments.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

**(By Plaintiff and the Overtime Wages Class against Defendants)**

14.     Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged herein.

15.     At all relevant times, Plaintiff and the other members of the Overtime Wages Class were employees of Defendants covered by Labor Code Section 510.

16.     Pursuant to Labor Code Section 510, Plaintiff and the other members of the Overtime Wages Class were entitled to overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work in excess of eight hours in one workday or in excess of forty hours in one workweek and payable at the rate of at least twice the regular rate of pay for all work in excess of twelve hours in one workday.

17.     Defendants failed to pay Plaintiff and other members of the Overtime Wages Class all amounts of overtime wages owed in accordance with Labor Code Section 510. Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendants had a policy or practice of not factoring commission wages or bonus wages into the "regular rate" of pay used for computation of overtime wages, which resulted in Defendants failing to pay all the overtime wages owed for pay periods during which overtime hours were worked and commission

1  wages or bonus wages were earned.

2      18.    As a result of Defendants' unlawful conduct, Plaintiff and other members of the

3  Overtime Wage Class have suffered damages in an amount, subject to proof, to the extent they were not

4  paid for all overtime wages earned.

5      19.    Pursuant to Labor Code Section 1194, Plaintiff and other members of the Overtime

6  Wages Class are entitled to recover the full amount of their unpaid overtime wages, interest thereon,

7  reasonable attorney's fees and costs of suit.

8  <strong><u>SECOND CAUSE OF ACTION</u></strong>

9  <strong>FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS</strong>

10  <strong>(By Plaintiff and the Wage Statement Class against Defendants)</strong>

11      20.    Plaintiff incorporates paragraphs 1 through 19 of this complaint as if fully alleged herein.

12      21.    At all relevant times, Plaintiff and the other members of the Wage Statement Class were

13  employees of Defendants covered by Labor Code Section 226.

14      22.    Pursuant to Labor Code Section 226(a), Plaintiff and the other members of the Wage

15  Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an

16  accurate itemized statement showing: a) gross wages earned; and b) net wages earned.

17      23.    Defendants failed to provide Plaintiff and other members of the Wage Statement Class

18  accurate itemized statements in accordance with Labor Code Section 226(a). Plaintiff is informed and

19  believes and thereon alleges that, during the limitations period applicable to this cause of action (the

20  "Penalty Period"), Defendants maintained a policy or practice of not factoring commission wages or

21  bonus wages into the "regular rate" of pay used for computation of overtime wages, which resulted in

22  Defendants not providing itemized statements accurately showing the gross wages earned or net wages

23  earned for pay periods during which overtime hours were worked and commission wages or bonus

24  wages were earned.

25      24.    Defendants' failure to provide Plaintiff and other members of the Wage Statement Class

26  with accurate wage statements was knowing and intentional. Defendants had the ability to provide

27  Plaintiff and other members of the Wage Statement Class with accurate wage statements but

28  intentionally provided wage statements that Defendants knew did not reflect the full amount of

COMPLAINT<br>7

1  overtime wages earned for pay periods during which overtime hours were worked and commission

2  wages or bonus wages were earned.

3      25.    As a result of Defendants' conduct, Plaintiff and other members of the Wage Statement

4  Class have suffered injury. The absence of accurate information on their wage statements has

5  prevented timely challenges to some of Defendants' unlawful pay practices, required discovery and

6  mathematical computations to determine the amount of wages owed, caused difficulty and expense in

7  attempting to reconstruct time and pay records, and/or led to the submission of inaccurate information

8  about wages and amounts deducted from wages to state and federal government agencies.

9      26.    Pursuant to Labor Code Section 226(e), Plaintiff and other members of the Wage

10  Statement Class are entitled to recover fifty dollars for the initial pay period within the Penalty Period in

11  which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of

12  Labor Code Section 226 in every subsequent pay period during the Penalty Period, not to exceed an

13  aggregate penalty of four thousand dollars per employee.

14      27.    Pursuant to Labor Code Sections 218, 226(e) and 226(g), Plaintiff and other members of

15  the Wage Statement Class are entitled to recover the full amount of civil penalties due under Labor

16  Code Section 226(e), reasonable attorney's fees and costs of suit.

17  ### THIRD CAUSE OF ACTION

18  ### UNFAIR COMPETITION

19  **(By Plaintiff and the Restitution Class against Defendants)**

20      28.    Plaintiff incorporates paragraphs 1 through 19 of this complaint as if fully alleged herein.

21      29.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within

22  the meaning of Business and Professions Code Section 17200.

23      30.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and other

24  members of the Restitution Class have suffered injury in fact and lost money or property. Plaintiff and

25  other members of the Restitution Class have been deprived of their rights to overtime wages under

26  Labor Code Section 510 and have not been paid the full amount of overtime wages earned by and owed

27  to them.

28  ///

31.     Pursuant to Business and Professions Code Section 17203, Plaintiff and other members of the Restitution Class are entitled to restitution of all the overtime wages and interest thereon rightfully belonging to them that Defendants failed to pay them and wrongfully retained by means of its unlawful business practices.

32.     Plaintiff and other members of the Restitution Class are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES OWED UPON TERMINATION

**(By Plaintiff and the Unpaid Final Wages Class against Defendants)**

33.     Plaintiff incorporates paragraphs 1 through 19 of this complaint as if fully alleged herein.

34.     At all relevant times, Plaintiffs and the other members of the Unpaid Final Wages Class were employees of Defendants covered by Labor Code Section 201 or 202.

35.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and the other members of the Unpaid Final Wages Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

36.     Defendants failed to pay Plaintiff and other members of the Unpaid Final Wages Class all wages earned and unpaid prior to termination in accordance with Labor Code Section 201 or 202. Plaintiff is informed and believes and thereon alleges that during the limitations period applicable to this cause of action, Defendants maintained a policy or practice of not factoring commission wages or bonus wages into the "regular rate" of pay used for computation of overtime wages, which resulted in Defendants failing to pay upon termination all the overtime wages earned prior to termination for pay periods during which overtime hours were worked and commission wages or bonus wages were earned.

///

37.     Defendants' failure to pay Plaintiff and other members of the Unpaid Final Wages Class all wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful. Defendants had the ability to pay all overtime wages earned by employees who worked overtime hours during pay periods in which commission wages or bonus wages were earned, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Section 510. When Defendants failed to pay upon termination all overtime wages earned prior to termination, Defendants knew what they were doing and intended to do what they did.

38.     Pursuant to Labor Code Section 201 or 202, Plaintiff and other members of the Unpaid Final Wages Class are entitled to all wages earned prior to termination that Defendants did not pay them.

39.     Pursuant to Labor Code Section 203, Plaintiff and other members of the Unpaid Final Wages Class are entitled to penalty wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

40.     As a result of Defendants' conduct, Plaintiff and other members of the Unpaid Final Wages Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination in violation of Labor Code Section 201 or 202.

41.     As a result of Defendants' conduct, Plaintiff and other members of the Unpaid Final Wages Class have suffered damages in an amount, subject to proof, to the extent they were not paid all penalty wages owed to them in violation of Labor Code Section 203.

42.     Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of the Unpaid Final Wages Class are entitled to recover the full amount of their unpaid wages, unpaid penalty wages, reasonable attorney's fees and costs of suit. Plaintiff and other members of the Unpaid Final Wages Class are entitled to recover pre-judgment interest on all due and unpaid wages and penalty wages under Labor Code Section 218.6 and/or Civil Code Section 3287(a).

## PRAYER FOR RELIEF

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

A.      An order certifying this case as a class action;

B.  An order appointing Plaintiff as representative for the Class;

C.  An order appointing Plaintiffs' counsel as counsel for the Class;

D.  Damages for unpaid overtime wages under Labor Code Section 1194;

E.  Civil Penalties under Labor Code Section 226(e);

F.  Restitution for unpaid overtime wages under Business and Professions Code Section 12703;

G.  Damages for unpaid final wages under Labor Code Section 201 or 202;

H.  Damages for penalty wages under Labor Code Section 203;

I.  Prejudgment interest at the maximum legal rate;

J.  Reasonable attorney's fees;

K.  Costs of suit; and

L.  Such other relief as the Court may deem just and proper.

M.  Such other relief as the Court may deem just and proper.

Dated: January 19, 2011

SPIRO MOSS LLP
DYCHTER LAW OFFICES, APC

By: _____
Gregory N. Karasik
Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class on all claims so triable.

Dated: January 19, 2011

SPIRO MOSS LLP
DYCHTER LAW OFFICES, APC

By: _____
Gregory N. Karasik
Attorneys for Plaintiff

COMPLAINT
11

# EXHIBIT B

FILED
POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT AN ATTORNEY** *(Name, State Bar number, and address)*:<br>SPIRO MOSS LLP<br>Gregory N. Karasik (SBN 115834)<br>11377 West Olympic Boulevard, 5th Floor<br>Los Angeles, California 90064<br>TELEPHONE NO: (310) 235-2468 FAX NO. *(Optional)*: (310) 235-2456<br>E-MAIL ADDRESS *(Optional)*: greg@spiromoss.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Howard David Provine | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, California, 93533
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: Howard David Provine, individually and on behalf of other persons similarly situated<br>DEFENDANT/RESPONDENT: Office Depot, Inc. | CASE NUMBER:<br>C11-00194 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>76984S |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents)*: Notice of Assignment; Notice to Plaintiffs; Notice to Defendants

3. a. Party served *(specify name of party as shown on documents served)*:
      Office Depot, Inc.

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      Corporate Creations Network, Agent for service,by serving Suzette "Doe" Clerk (refused last name)

4. Address where the party was served:
   131-A Stoney Circle, Suite 500, Santa Rosa, California 95401
5. I served the party *(check proper box)*
   a. [✓] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
         receive service of process for the party (1) on *(date)*: 01-27-11     (2) at *(time)*: 4.30 p.m.
   b. [ ] by substituted service. On *(date)*:          at *(time)*:          I left the documents listed in item 2 with or
         in the presence of *(name and title or relationship to person indicated in item 3)*:

         (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business
                 of the person to be served. I informed him or her of the general nature of the papers.
         (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
                 place of abode of the party. I informed him or her of the general nature of the papers.
         (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
                 address of the person to be served, other than a United States Postal Service post office box. I informed
                 him or her of the general nature of the papers.
         (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
                 at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
                 *(date)*:          from *(city)*:          or [ ] a declaration of mailing is attached.
         (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

PLAINTIFF/PETITIONER: Howard David Provine, individually and on behalf    CASE NUMBER: CH-00194

DEFENDANT/RESPONDENT: Office Depot, Inc.

5.  c  [ ]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on (date):                    (2) from (city):

   (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d  [ ]  **by other means** (specify means of service and authorizing code section):

   [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a  [ ]  as an individual defendant.
   b  [ ]  as the person sued under the fictitious name of (specify):
   c  [ ]  as occupant.
   d  [✓]  On behalf of (specify):  Office Depot, Inc.
      under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | [✓] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
   | [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
   | [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
   | [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
   | [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
   | | [ ] other: |

7.  Person who served papers
   a  Name:  Michael A. Holt
   b  Address:  ACE Attorney Service, 400 Second Street Suite 425, San Francisco, California, 94107
   c  Telephone number:  (415) 550-1000
   d  The fee for service was: $
   e  I am:

   (1) [ ]  not a registered California process server.
   (2) [ ]  exempt from registration under Business and Professions Code section 22350(b).
   (3) [✓]  a registered California process server:
      (i)  [ ] owner  [✓] employee  [ ] independent contractor.
      (ii)  Registration No.: 447
      (iii)  County: SAN FRANCISCO

8.  [✓]  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  [ ]  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  February 1, 2011

Michael A. Holt
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                              ►

# EXHIBIT C

02/28/2011 11:25 FAX 9252286210          PAKMAIL                                    ☒001

1  MORGAN, LEWIS & BOCKIUS LLP
   BARBARA J. MILLER, SBN 167223
2  JENNIFER L. BRADFORD, SBN 203871
3  5 Park Plaza, Suite 1750
   Irvine, CA 92614
4  Tel:   949.399.7000
   Fax:   949.399.7001
5  barbara.miller@morganlewis.com
   jbradford@morganlewis.com
6
7  Attorneys for Defendant
   OFFICE DEPOT, INC.
8

FILED

2011 FEB 25  A 11: 17

K TORRE, CLERK OF THE SUPERIOR COURT
COURT OF CONTRA COSTA, CALIF.
BY:_____
          A. McLEAN, DEPUTY CLERK

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF CONTRA COSTA

11

12  HOWARD DAVID PROVINE,                    Case No. C11-00194
    individually and on behalf of other persons
13  similarly situated, ,                    Assigned for All Purposes to:
                                             The Honorable Barry P. Goode
14                 Plaintiff,                Department 17

15         vs.                               DEFENDANT OFFICE DEPOT, INC.'S
                                             ANSWER TO PLAINTIFF HOWARD
16  OFFICE DEPOT, INC., and DOES 1           DAVID PROVINE'S CLASS ACTION
    through 10,                              COMPLAINT
17
18                 Defendants.              Complaint Filed:   January 19, 2011
                                            Trial Date:        None Set
19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
    Irvine

DB2/22240241.1

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    Defendant Office Depot, Inc. ("Defendant"), by and through its undersigned counsel,

2    hereby answers the unverified Class Action Complaint ("Complaint") filed by Plaintiff Howard

3    David Provine ("Plaintiff"), individually and purportedly on behalf of himself and all others

4    similarly situated, as follows:

**GENERAL DENIAL**

6    Pursuant to California Civil Procedure Code Section 431.30(d), Defendant denies,

7    generally and specifically, each and every material allegation in the Complaint.  Defendant

8    further denies, generally and specifically, that Plaintiff, or any putative member of the purported

9    class, is entitled to the relief requested, or that Plaintiff, or any putative member of the purported

10   class, has been or will be damaged in any sum, or at all, by reason of any act or omission on the

11   part of Defendant, or any of its past or present agents, representatives, or employees acting in the

12   course and scope of their employment.

**AFFIRMATIVE DEFENSES**

14   Defendant also asserts the following affirmative defenses, without admitting any

15   obligation regarding who bears the burden of proof or persuasion as to any one of them:

**FIRST DEFENSE**

**(Failure to State a Cause of Action)**

18   1.    The Complaint, and each purported cause of action contained therein, fails to state

19   facts sufficient to constitute a cause of action.

**SECOND DEFENSE**

**(Statutes of Limitations)**

22   2.    The Complaint, and each purported cause of action contained therein, is barred in

23   whole or in part by all applicable statutes of limitation, including but not limited to, California

24   Business and Professions Code Section 17208, Califorina Labor Code Section 203, and California

25   Civil Procedure Code Sections 337, 338, 339, 340, and 343.

**THIRD DEFENSE**

**(Not Appropriate for Class Action)**

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DB2/22240241 1

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

3.     The Complaint, and each purported cause of action contained therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff is an inadequate representative of the purported class: (b) Plaintiff cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims; and (d) the individualized nature of Plaintiff's claims predominate and thus makes class treatment inappropriate.

## FOURTH DEFENSE

### (Uncertainty)

4.     The claims of Plaintiff and putative members of the purported class are barred in whole or in part, because the Complaint is uncertain in that the purported class definition is ambiguous and conclusory.

## FIFTH DEFENSE

### (No Ascertainable Class)

5.     The purported class that the named Plaintiff purports to represent, the existence of which is expressly denied, is not ascertainable and, thus, no well-defined community of interest exists among the purported class members.

## SIXTH DEFENSE

### (Class Action Not Superior Method of Adjudication)

6.     The alleged claims are barred, in whole or in part, as a class action, because a class action is not the superior method for adjudicating this dispute.

## SEVENTH DEFENSE

### (Lack of Standing)

7.     The Complaint, and each purported cause of action contained therein, is barred for lack of subject matter juridiction to the extent Plaintiff and putative members of the purported class lack standing to bring their claims either in an individual, class, or representative capacity.

## EIGHTH DEFENSE

### (Arbitration)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DB2/22402411                    2

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

8.    To the extent Plaintiff and/or putative members of the purported class have executed agreements to arbitrate that encompass claims alleged in the Complaint, their claims are barred by their contractual agreement to arbitrate.

## NINTH DEFENSE

### (Failure to Exhaust Internal and/or Administrative Remedies)

9.    The Court has no jurisdiction over the subject matter of the Complaint, or parts thereof, because Plaintiff and/or the putative members of the purported class have failed to exhaust their internal and/or administrative remedies before filing suit.

## TENTH DEFENSE

### (Avoidable Consequences)

10.    The claims of Plaintiff and putative members of the purported class are barred, or recovery reduced, because Defendant took reasonable steps to prevent and correct the conduct alleged in the Complaint; Plaintiff and putative members of the purported class unreasonably failed to use the preventive and corrective measures that Defendant provided; and reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff and putative members of the purported class allegedly suffered.

## ELEVENTH DEFENSE

### (Failure to Mitigate)

11.    Plaintiff and putative members of the purported class have failed to mitigate their damages and, to the extent of such failure, any damages awarded should be reduced accordingly.

## TWELFTH DEFENSE

### (De Minimis)

12.    The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the *de minimis* doctrine.

## THIRTEENTH DEFENSE

### (Unclean Hands)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DB2/22240241.1                                    3

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

13. The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of unclean hands.

### FOURTEENTH DEFENSE

#### (Waiver)

14. The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of waiver.

### FIFTEENTH DEFENSE

#### (Estoppel)

15. The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of estoppel.

### SIXTEENTH DEFENSE

#### (Consent)

16. The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff and putative members of the purported class consented to any alleged activity or conduct.

### SEVENTEENTH DEFENSE

#### (Release)

17. To the extent Plaintiff and/or putative members of the purported class have executed a release encompassing claims alleged in the Complaint, their claims are barred by that release.

### EIGHTEENTH DEFENSE

#### (Adequate Remedy at Law)

18. The claims of Plaintiff and putative members of the purported class for injunctive and/or other equitable relief are barred, because they have an adequate and complete remedy at law.

### NINETEENTH DEFENSE

#### (No Standing for Injunctive Relief)

19.     Plaintiff's claims for injunctive and/or other equitable relief are barred, because Plaintiff is a former employee and thus has no standing to seek injunctive or other equitable relief.

## TWENTIETH DEFENSE

### (Setoff and Recoupment)

20.     If any damages have been sustained by Plaintiff or putative members of the purported class, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff or putative members of the purported class owed to Defendant against any judgment that may be entered against Defendant.

## TWENTY-FIRST DEFENSE

### (Unjust, Arbitrary, and Oppressive, or Confiscatory, Penalties)

21.     Plaintiff and putative members of the purported class are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

## TWENTY-SECOND DEFENSE

### (Action Unconstitutional)

22.     Prosecuting a class action and certification of the allaged class as representative of the general public under California Business and Professions Code Section 17200 is barred, under the facts and circumstances of this case, because provisions of Section 17200 violate the provisons of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-THIRD DEFENSE

### (Conduct Reasonable and in Good Faith/Not Willful)

23.     If Defendant is found to have failed to pay Plaintiff or any putative member of the purported class any amount due, which allegations Defendant denies, then Defendant acted, at all relevant times, on the basis of a good faith and reasonable belief that it had complied fully with

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DB2/22240241.1

5

California wage and hour laws. Consequently, Defendant's conduct was not willful within the meaning of the California Labor Code.

## TWENTY-FOURTH DEFENSE

### (Waiting Time Penalties)

24.     The Complaint fails to state a claim for waiting time penalties under California Labor Code Section 203 in that some members of the purported class did not resign or were not discharged prior to the filing of this action and/or to the extent that no such penalties can continue after the commencement of an action for the penalties.

## TWENTY-FIFTH DEFENSE

### (Due Process/Excessive Fine)

25.     Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution.

## TWENTY-SIXTH DEFENSE

### (Constitutional Right to Equal Protection and Separation of Powers Doctrine)

26.     An award of penalties against Defendant would be an unconstitutional denial of Defendant's rights to equal protection under both the United States Constitution and California Constitution. In addition, an award of penalties against Defendant would be an unconstitutional violation of the separation of powers doctrine under the California Constitution.

## TWENTY-SEVENTH DEFENSE

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DB2/22240241 1                6

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**(Reservation of Rights)**

27.     Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The affirmative defenses asserted herein are based on Defendant's present knowledge, information, and belief, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained herein at any time.  In addition, Defendant presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, affirmative defenses.  Defendant therefore reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendant prays for judgment as follows:

1.     That the Court deny Plaintiff's request to certify this action as a class action;

2.     That Plaintiff take nothing by reason of his Complaint on file herein and that the Complaint be dismissed in its entirety with prejudice;

3.     That judgment be entered in favor of Defendant and against Plaintiff on all causes of action contained in the Complaint;

4.     That Defendant be awarded its reasonable costs of suit incurred herein;

5.     That Defendant be awarded its attorneys' fees incurred by this action pursuant to applicable law, including but not limited to, California Labor Code Section 218.5; and

6.     That the Court award Defendant such other and further relief as the Court deems just and proper.

Dated:  February 25, 2011

MORGAN, LEWIS & BOCKIUS LLP

By _____
Jennifer L. Bradford
Attorneys for Defendant
OFFICE DEPOT, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DB2/22240241.1

7

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

## PROOF OF SERVICE

*Howard David Provine v. Office Depot, Inc.*
*Contra Costa Superior Court Case No. C11-00194*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On February 25, 2011, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT OFFICE DEPOT, INC.'S ANSWER TO PLAINTIFF HOWARD DAVID PROVINE'S CLASS ACTION COMPLAINT**

[   ]   **BY FAX:** by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[   ]   **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]   **BY OVERNIGHT MAIL:** By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[   ]   **BY PERSONAL SERVICE:** I delivered to an authorized courier or driver authorized by Time Machine Network, Inc. to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

[   ]   **BY ELECTRONIC SERVICE:** the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on February 25, 2011. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is mcalvert@morganlewis.com.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DB2/22240241 1

8

1

2      [ ]      **BY E-FILE:** I electronically transmitted the document(s) listed above to the
       Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of
3      Electronic Filing to the following CM/ECF registrants:

4

5      |                                                        | *Attorneys for Plaintiff* |
       |--------------------------------------------------------|---------------------------|
6      | Dennis F. Moss, Esq.                                   |                           |
       | Gregory N. Karasik, Esq.                               |                           |
7      | SPIRO MOSS LLP                                         |                           |
       | 11377 W. Olympic Blvd., 5th Floor                      |                           |
8      | Los Angeles, CA 90064-1683                             |                           |
       | Telephone: 310.235.2468                                |                           |
9      | Facsimile: 310.235.2456                                |                           |
       | dennisfmoss@yahoo.com                                  |                           |
10     | greg@spiromoss.com                                     |                           |
11     | Alexander I. Dychter, Esq.                             |                           |
       | Dychter Law Offices, APC                               |                           |
12     | 625 Broadway, Suite 600                                |                           |
       | San Diego, CA 92101                                    |                           |
13     | Telephone:  619.487.0777                               |                           |
       | Facsimile:  619.330.1827                               |                           |
14     | alex@dychterlaw.com                                    |                           |

15

16     [ X ]   **STATE:**  I declare under penalty of perjury, under the laws of the State of
       California, that the above is true and correct.

17

18     [ ]   **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of
       this Court at whose direction this service was made.

19     Executed on February 25, 2011, at Irvine, California.

20

21     _____

22                            Maureen E. Calvert

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DB2/22240241.1                                9

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT