KARASIK LAW FIRM
GREGORY N. KARASIK, SBN 115834
11835 W. Olympic Blvd., Ste. 1275
Los Angeles, CA 90064
Telephone: (310) 312-6800
Facsimile: (310) 943-2582
greg@karasiklawfirm.com

SPIRO MOSS LLP
DENNIS F. MOSS, SBN 77512
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064
Telephone: (310) 235-2468
Facsimile: (310) 235-2456
dennisfmoss@yahoo.com

DYCHTER LAW OFFICES, APC
ALEXANDER I. DYCHTER, SBN 234526
625 Broadway, Suite 600
San Diego, CA 92101
Telephone: (619) 487-0777
Facsimile: (619) 330-1827
alex@dychterlaw.com

Attorneys for Plaintiff
HOWARD DAVID PROVINE

MORGAN, LEWIS & BOCKIUS LLP
BARBARA J. MILLER, SBN 167223
JENNIFER L. BRADFORD, SBN 203871
5 Park Plaza, Suite 1750
Irvine, CA 92614
Telephone: 949.399.7000
Facsimile: 949.399.7001
barbara.miller@morganlewis.com
jbradford@morganlewis.com

Attorneys for Defendant
OFFICE DEPOT, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION TO ENTRY OF
PROTECTIVE ORDER

DB2/ 22792903.1

| | |
|---|---|
| 1  HOWARD DAVID PROVINE, individually and on behalf of other persons similarly situated, | Case No. CV 11-00903 SI |
| 2 | **STIPULATION TO ENTRY OF PROTECTIVE ORDER** |
| 3  Plaintiff, | |
| 4  vs. | |
| 5  OFFICE DEPOT, INC., and DOES 1 through 10, | |
| 6 | |
| 7  Defendants. | |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 22792903.1

2

STIPULATION TO ENTRY OF
PROTECTIVE ORDER

1  WHEREAS, Plaintiff Howard David Provine and Defendant Office Depot, Inc. are engaged in discovery that will require the production of documents that contain or disclose trade secrets or other confidential technical, business, or financial information; and

THEREFORE, the parties stipulate to, and apply jointly to the Court for, entry of this Protective Order as follows:

1. This Protective Order shall govern any designated record of information produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents (including, without limitation, emails produced by Office Depot, Inc. and computer and electronic files), and other discovery materials (whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery).

2. Each party shall have the right to designate as confidential and subject to this Protective Order any information, document, or portion of any documents produced by it in this litigation which contains trade secrets or other confidential technical, business, or financial information. This designation shall be made by stamping each page of the document containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without the legend, by furnishing written notice to the receiving party that the information or document shall be designated as CONFIDENTIAL under this Protective Order. With respect to all materials provided by one party for inspection by another party's counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection shall be treated as though designated as CONFIDENTIAL at the time of the inspection.

3. Each party and all persons bound by the terms of this Protective Order shall use any information or document designated as CONFIDENTIAL only for the purpose of prosecution or defense of this action. No such party or other person shall use any information designated as CONFIDENTIAL for any purpose other than the prosecution, defense, or settlement of this

1  action. The attorneys of record for the parties shall exercise reasonable care to insure that the information and documents governed by this Protective Order are (i) used only for the purposes specified herein, and (ii) disclosed only to persons to whom disclosure of such information and documents is authorized by this Protective Order.

4. Except as otherwise provided by written stipulation of the parties or by further order of the Court, documents or information designated CONFIDENTIAL may be disclosed only to counsel of record and their secretarial and legal assistants, and, on a need-to-know basis only and subject to Paragraph 5 of this Protective Order, to the parties, to employees of the parties, to witnesses, and to consultants and experts retained by the parties or their attorneys for purposes of this litigation (including, without limitation, persons engaged in the scanning, copying, and/or coding of such information or documents).

5. Except as provided in Paragraph 9 of this Protective Order, in no event shall any information or documents designated as CONFIDENTIAL be disclosed to any person other than the parties' counsel and their secretarial and legal assistants pursuant to Paragraph 4 of this Protective Order until such person has executed a written confidentiality agreement acknowledging and agreeing to be bound by the terms of this Protective Order, and consenting to be subject to the personal jurisdiction of the United States District Court for the Northern District of California for any proceeding relating to enforcement of this Protective Order, in the form set forth in Exhibit A hereto.

6. Documents and information designated CONFIDENTIAL shall include (a) all copies, extracts, and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits that contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda, or any other writing filed with the Court and exhibits that contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with Paragraph 7; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 8.

7. Deposition transcripts, or portions thereof, may be designated as

1  CONFIDENTIAL subject to this Protective Order either (1) before or immediately after the
2  testimony is recorded, in which case the transcript of the designated testimony shall be bound in a
3  separate volume conspicuously labeled CONFIDENTIAL by the reporter, as appropriate, or (2)
4  by written notice to the reporter and all counsel of record, given within ten (10) days after the
5  transcript is received by the witness or his counsel or by any party or its counsel, in which case all
6  counsel receiving such notice shall be responsible for marking the copies of the designated
7  transcript in their possession or under their control as directed by the designating party. The
8  designating party shall have the right to exclude the following persons from a deposition before
9  taking of testimony which the designating party designates as CONFIDENTIAL subject to this
10 Protective Order: all persons except the court reporter, counsel of record, the deponent, the
11 parties (or the designated representative of a party), and any consultant or expert retained for
12 purposes of this litigation.

13     8. With respect to testimony elicited during hearings and other court proceedings,
14 whenever counsel for any party deems that any question or line of questioning calls for the
15 disclosure of information that should be kept CONFIDENTIAL, counsel may designate on the
16 record prior to such disclosure that the disclosure is CONFIDENTIAL. Whenever a matter
17 designated CONFIDENTIAL is to be discussed in a hearing or other court proceeding, any party
18 claiming such confidentiality may exclude from the room any person who is not entitled under
19 this Protective Order to receive such information, subject to any ruling by the Court respecting
20 the designation of such information as CONFIDENTIAL.

21     9. Notwithstanding any other provisions of this Order, nothing shall prohibit counsel
22 for a party from disclosing a document, whether designated as CONFIDENTIAL, to any
23 employee, officer, or director of the party who produced the document or information so
24 designated.

25     10. If a receiving party learns that, by inadvertence or otherwise, it has disclosed
26 protected material to any person or in any circumstance not authorized under this Protective
27 Order, the receiving party must immediately (a) notify in writing the designating party of the
28 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protected material,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

STIPULATION TO ENTRY OF
PROTECTIVE ORDER

DB2/ 22792903.1

1  and (c) inform the person or persons to whom unauthorized disclosures were made of all the
2  terms of this Protective Order.

3        11.    Any information or documents designated as CONFIDENTIAL, if filed or lodged
4  with the Court, shall be filed in accordance with Northern District of California Civil Local Rule
5  79-5 and Judge Illston's Standing Order.  The party filing or lodging any pleading or paper which
6  contains any information or document subject to this Protective Order shall comply with Northern
7  District of California Civil Local Rule 79-5 and Judge Illston's Standing Order.  At the
8  conclusion of this case, any materials filed with the Court under seal shall be kept under seal or be
9  returned to the party filing it for disposition as provided for in Paragraph 15.

10        12.    Except as provided in Paragraph 9 of this Protective Order, any party may mark
11  any documents or information designated as CONFIDENTIAL as an exhibit to a deposition,
12  hearing, or other proceeding and examine any witness thereon, provided (i) the witness previously
13  has executed a written confidentiality agreement in the form of Exhibit A hereto, (ii) the exhibit
14  and related transcript pages receive the same type of confidentiality designation as the original
15  document, and (iii) there is reason to believe this witness has knowledge or information to which
16  such designated material is relevant.

17        13.    No party is precluded from applying to the Court for an Order permitting the
18  disclosure or use of information or documents otherwise covered by this Protective Order, or
19  from applying for an Order modifying this Protective Order in any respect.  No party shall be
20  obligated to challenge the propriety of any confidentiality designation (whether
21  CONFIDENTIAL) and failure to do so shall not preclude a subsequent attack on the propriety of
22  such designation.

23        14.    On any motions challenging the withholding of documents or information or
24  seeking greater disclosure of documents or information designated CONFIDENTIAL than
25  allowed by this Protective Order without Court order, the parties' respective burdens of proof
26  shall be as outlined in <u>Bridgestone v. Superior Court</u>, 7 Cal. App. 4th 1384 (1992).  Any withheld
27  material ordered by the Court to be disclosed shall be deemed classified CONFIDENTIAL under
28  this Protective Order unless the Court orders otherwise, and any such order may include

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

STIPULATION TO ENTRY OF
PROTECTIVE ORDER

DB2/ 22792903.1

1 additional safeguards to protect the disclosed material from further disclosure.  Any party ordered
2 to disclose information that was initially withheld from production may seek writ review of that
3 order.

4     15.    Upon final termination of this action, including all appellate proceedings, unless
5 otherwise requested in writing by an attorney of record for the designating party to return material
6 designated as CONFIDENTIAL to the party from whom the designated material was obtained,
7 each party shall destroy all material designated as CONFIDENTIAL, including all copies,
8 extracts, and summaries thereof.  Proof of such destruction, in the form of a declaration under
9 oath by a person with personal knowledge of the destruction, will be supplied by each party to all
10 counsel of record.  Notwithstanding the provisions in this Paragraph, counsel are entitled to retain
11 an archival copy of all pleadings, motion papers, transcripts, legal memoranda, and
12 correspondence or attorney work product, even if such materials contain protected material.

13     16.    No part of the restrictions imposed by this Protective Order may be terminated,
14 except by the written stipulation executed by counsel of record for each designating party, or by
15 an order of this Court for good cause shown.  The termination of this action shall not terminate
16 this Protective Order.

17     17.    This Protective Order may be amended and exceptions may be made only by
18 written stipulation of the parties or by order of the Court for good cause shown on noticed
19 motion.  Nothing in this Protective Order abridges the right of any person to seek its modification
20 by the Court in the future.

21     18.    By stipulating to the entry of this Protective Order, no party waives any right it
22 otherwise would have to object to disclosing or producing any information or item on any ground
23 not addressed in this Protective Order.  Similarly, no party waives any right to object on any
24 ground to use in evidence of any of the material covered by this Protective Order.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

STIPULATION TO ENTRY OF
PROTECTIVE ORDER

DB2/ 22792903.1

| | |
|---|---|
| Dated:  December 8, 2011 | KARASIK LAW FIRM |
| | By /s/ Gregory N. Karasik<br>   Gregory N. Karasik<br>   Attorneys for Plaintiff<br>   HOWARD DAVID PROVINE |
| Dated:  December 8, 2011 | MORGAN, LEWIS & BOCKIUS LLP |
| | By /s/ Jennifer L. Bradford<br>   Jennifer L. Bradford<br>   Attorneys for Defendant<br>   OFFICE DEPOT, INC. |

| | |
|---|---|
| 1 | |
| 2 | KARASIK LAW FIRM<br>GREGORY N. KARASIK, SBN 115834 |
| 3 | 11835 W. Olympic Blvd., Ste. 1275<br>Los Angeles, CA 90064 |
| 4 | Telephone: (310) 312-6800<br>Facsimile: (310) 943-2582 |
| 5 | greg@karasiklawfirm.com |
| 6 | SPIRO MOSS LLP<br>DENNIS F. MOSS, SBN 77512 |
| 7 | 11377 W. Olympic Blvd., 5th Floor<br>Los Angeles, CA 90064 |
| 8 | Telephone: (310) 235-2468<br>Facsimile: (310) 235-2456 |
| 9 | dennisfmoss@yahoo.com |
| 10 | DYCHTER LAW OFFICES, APC<br>ALEXANDER I. DYCHTER, SBN 234526 |
| 11 | 625 Broadway, Suite 600<br>San Diego, CA 92101 |
| 12 | Telephone: (619) 487-0777<br>Facsimile: (619) 330-1827 |
| 13 | alex@dychterlaw.com |
| 14 | Attorneys for Plaintiff<br>HOWARD DAVID PROVINE |
| 15 | MORGAN, LEWIS & BOCKIUS LLP<br>BARBARA J. MILLER, SBN 167223 |
| 16 | JENNIFER L. BRADFORD, SBN 203871 |
| 17 | 5 Park Plaza, Suite 1750<br>Irvine, CA 92614 |
| 18 | Telephone: 949.399.7000<br>Facsimile: 949.399.7001 |
| 19 | barbara.miller@morganlewis.com<br>jbradford@morganlewis.com |
| 20 | Attorneys for Defendant<br>OFFICE DEPOT, INC. |
| 21 | |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 22792903.1

9

STIPULATION TO ENTRY OF
PROTECTIVE ORDER

| | |
|---|---|
| 1  HOWARD DAVID PROVINE,<br>   individually and on behalf of other persons<br>2  similarly situated,<br>3              Plaintiff,<br>4      vs.<br>5  OFFICE DEPOT, INC., and DOES 1<br>   through 10,<br>6<br>7              Defendants. | Case No. CV 11-00903 SI<br><br>**EXHIBIT A TO PROTECTIVE ORDER:**<br><br>**ACKNOWLEDGEMENT OF RECEIPT OF STIPULATED PROTECTIVE ORDER AND CERTIFICATE OF COMPLIANCE** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 22792903.1

10

STIPULATION TO ENTRY OF
PROTECTIVE ORDER

I certify that I have received and carefully read a copy of the Stipulation to Entry of Protective Order, and Order thereon, in the above-captioned case and that I fully understand the terms of the Court's Order. I recognize that I am bound by the terms of this Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the Northern District of California for any proceedings involving the enforcement of that Order.

I declare under penalty of perjury pursuant to the laws of the United States and California that the foregoing is true and correct. Executed this _____ day of _____, 201\_\_, at _____, _____.

Name: _____

Affiliation: _____

Business Address: _____

Home Address: _____

Signature: _____

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD DAVID PROVINE, individually and on behalf of other persons similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>OFFICE DEPOT, INC., and DOES 1 through 10,<br><br>    Defendants. | Case No. CV 11-00903 SI<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER** |

1  Based on the parties' Stipulation to Entry of Protective Order, and good cause having been
2  shown, IT IS HEREBY ORDERED as follows:

3  1.  This Protective Order shall govern any designated record of information produced
4  in this action, including all designated deposition testimony, all designated testimony taken at a
5  hearing or other proceeding, interrogatory answers, documents (including, without limitation,
6  emails produced by Office Depot, Inc. and computer and electronic files), and other discovery
7  materials (whether produced informally or in response to interrogatories, requests for admissions,
8  requests for production of documents, or other formal method of discovery).

9  2.  Each party shall have the right to designate as confidential and subject to this
10  Protective Order any information, document, or portion of any documents produced by it in this
11  litigation which contains trade secrets or other confidential technical, business, or financial
12  information. This designation shall be made by stamping each page of the document containing
13  confidential information with the legend CONFIDENTIAL prior to its production or, if
14  inadvertently produced without the legend, by furnishing written notice to the receiving party that
15  the information or document shall be designated as CONFIDENTIAL under this Protective
16  Order. With respect to all materials provided by one party for inspection by another party's
17  counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies
18  of the materials are requested after inspection and selection by counsel. Making documents and
19  things available for inspection shall not constitute a waiver of any claim of confidentiality, and all
20  materials provided for inspection shall be treated as though designated as CONFIDENTIAL at the
21  time of the inspection.

22  3.  Each party and all persons bound by the terms of this Protective Order shall use
23  any information or document designated as CONFIDENTIAL only for the purpose of prosecution
24  or defense of this action. No such party or other person shall use any information designated as
25  CONFIDENTIAL for any purpose other than the prosecution, defense, or settlement of this
26  action. The attorneys of record for the parties shall exercise reasonable care to insure that the
27  information and documents governed by this Protective Order are (i) used only for the purposes
28  specified herein, and (ii) disclosed only to persons to whom disclosure of such information and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2    [PROPOSED] PROTECTIVE ORDER

DB2/ 22843590.1

1 documents is authorized by this Protective Order.

2     4.     Except as otherwise provided by written stipulation of the parties or by further
3 order of the Court, documents or information designated CONFIDENTIAL may be disclosed
4 only to counsel of record and their secretarial and legal assistants, and, on a need-to-know basis
5 only and subject to Paragraph 5 of this Protective Order, to the parties, to employees of the
6 parties, to witnesses, and to consultants and experts retained by the parties or their attorneys for
7 purposes of this litigation (including, without limitation, persons engaged in the scanning,
8 copying, and/or coding of such information or documents).

9     5.     Except as provided in Paragraph 9 of this Protective Order, in no event shall any
10 information or documents designated as CONFIDENTIAL be disclosed to any person other than
11 the parties' counsel and their secretarial and legal assistants pursuant to Paragraph 4 of this
12 Protective Order until such person has executed a written confidentiality agreement
13 acknowledging and agreeing to be bound by the terms of this Protective Order, and consenting to
14 be subject to the personal jurisdiction of the United States District Court for the Northern District
15 of California for any proceeding relating to enforcement of this Protective Order, in the form set
16 forth in Exhibit A hereto.

17     6.     Documents and information designated CONFIDENTIAL shall include (a) all
18 copies, extracts, and complete or partial summaries prepared from such documents or
19 information; (b) portions of deposition transcripts and exhibits that contain or reflect the content
20 of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda, or any
21 other writing filed with the Court and exhibits that contain or reflect the content of any such
22 documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance
23 with Paragraph 7; and (e) testimony taken at a hearing or other proceeding that is designated in
24 accordance with Paragraph 8.

25     7.     Deposition transcripts, or portions thereof, may be designated as
26 CONFIDENTIAL subject to this Protective Order either (1) before or immediately after the
27 testimony is recorded, in which case the transcript of the designated testimony shall be bound in a
28 separate volume conspicuously labeled CONFIDENTIAL by the reporter, as appropriate, or (2)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3      [PROPOSED] PROTECTIVE ORDER

DB2/ 22843590.1

by written notice to the reporter and all counsel of record, given within ten (10) days after the transcript is received by the witness or his counsel or by any party or its counsel, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. The designating party shall have the right to exclude the following persons from a deposition before taking of testimony which the designating party designates as CONFIDENTIAL subject to this Protective Order: all persons except the court reporter, counsel of record, the deponent, the parties (or the designated representative of a party), and any consultant or expert retained for purposes of this litigation.

8. With respect to testimony elicited during hearings and other court proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of information that should be kept CONFIDENTIAL, counsel may designate on the record prior to such disclosure that the disclosure is CONFIDENTIAL. Whenever a matter designated CONFIDENTIAL is to be discussed in a hearing or other court proceeding, any party claiming such confidentiality may exclude from the room any person who is not entitled under this Protective Order to receive such information, subject to any ruling by the Court respecting the designation of such information as CONFIDENTIAL.

9. Notwithstanding any other provisions of this Order, nothing shall prohibit counsel for a party from disclosing a document, whether designated as CONFIDENTIAL, to any employee, officer, or director of the party who produced the document or information so designated.

10. If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protected material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order.

11. Any information or documents designated as CONFIDENTIAL, if filed or lodged

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4 [PROPOSED] PROTECTIVE ORDER

DB2/ 22843590.1

1   with the Court, shall be filed in accordance with Northern District of California Civil Local Rule
2   79-5 and Judge Illston's Standing Order.  The party filing or lodging any pleading or paper which
3   contains any information or document subject to this Protective Order shall comply with Northern
4   District of California Civil Local Rule 79-5 and Judge Illston's Standing Order.  At the
5   conclusion of this case, any materials filed with the Court under seal shall be kept under seal or be
6   returned to the party filing it for disposition as provided for in Paragraph 15.

7         12.    Except as provided in Paragraph 9 of this Protective Order, any party may mark
8   any documents or information designated as CONFIDENTIAL as an exhibit to a deposition,
9   hearing, or other proceeding and examine any witness thereon, provided (i) the witness previously
10  has executed a written confidentiality agreement in the form of Exhibit A hereto, (ii) the exhibit
11  and related transcript pages receive the same type of confidentiality designation as the original
12  document, and (iii) there is reason to believe this witness has knowledge or information to which
13  such designated material is relevant.

14        13.    No party is precluded from applying to the Court for an Order permitting the
15  disclosure or use of information or documents otherwise covered by this Protective Order, or
16  from applying for an Order modifying this Protective Order in any respect.  No party shall be
17  obligated to challenge the propriety of any confidentiality designation (whether
18  CONFIDENTIAL) and failure to do so shall not preclude a subsequent attack on the propriety of
19  such designation.

20        14.    On any motions challenging the withholding of documents or information or
21  seeking greater disclosure of documents or information designated CONFIDENTIAL than
22  allowed by this Protective Order without Court order, the parties' respective burdens of proof
23  shall be as outlined in <u>Bridgestone v. Superior Court</u>, 7 Cal. App. 4th 1384 (1992).  Any withheld
24  material ordered by the Court to be disclosed shall be deemed classified CONFIDENTIAL under
25  this Protective Order unless the Court orders otherwise, and any such order may include
26  additional safeguards to protect the disclosed material from further disclosure.  Any party ordered
27  to disclose information that was initially withheld from production may seek writ review of that
28  order.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5           [PROPOSED] PROTECTIVE ORDER

DB2/ 22843590.1

15. Upon final termination of this action, including all appellate proceedings, unless otherwise requested in writing by an attorney of record for the designating party to return material designated as CONFIDENTIAL to the party from whom the designated material was obtained, each party shall destroy all material designated as CONFIDENTIAL, including all copies, extracts, and summaries thereof. Proof of such destruction, in the form of a declaration under oath by a person with personal knowledge of the destruction, will be supplied by each party to all counsel of record. Notwithstanding the provisions in this Paragraph, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, and correspondence or attorney work product, even if such materials contain protected material.

16. No part of the restrictions imposed by this Protective Order may be terminated, except by the written stipulation executed by counsel of record for each designating party, or by an order of this Court for good cause shown. The termination of this action shall not terminate this Protective Order.

17. This Protective Order may be amended and exceptions may be made only by written stipulation of the parties or by order of the Court for good cause shown on noticed motion. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

18. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO ORDERED AS AMENDED.

Date: 12/12/2011

_____ DISTRICT JUDGE



IT IS SO ORDERED AS MODIFIED
Judge Susan Illston

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOWARD DAVID PROVINE, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE DEPOT, INC., and DOES 1 through 10,<br><br>Defendants. | Case No. CV 11-00903 SI<br><br>**EXHIBIT A TO PROTECTIVE ORDER:**<br><br>**ACKNOWLEDGEMENT OF RECEIPT OF STIPULATED PROTECTIVE ORDER AND CERTIFICATE OF COMPLIANCE** |

1  I certify that I have received and carefully read a copy of the Stipulation to Entry of Protective Order, and Order thereon, in the above-captioned case and that I fully understand the terms of the Court's Order.  I recognize that I am bound by the terms of this Order, and I agree to comply with those terms.  I hereby consent to the personal jurisdiction of the United States District Court for the Northern District of California for any proceedings involving the enforcement of that Order.

I declare under penalty of perjury pursuant to the laws of the United States and California that the foregoing is true and correct.  Executed this _____ day of _____, 201\_\_, at _____, _____.

Name: _____

Affiliation: _____

Business Address: _____

Home Address: _____

Signature: _____