IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOWARD DAVID PROVINE,

        Plaintiff,

  v.

OFFICE DEPOT INC,

        Defendant.

                                    /

No. C 11-00903 SI

**ORDER DENYING PLAINTIFF'S MOTION TO STAY AND RESCHEDULING CLASS CERTIFICATION AND SUMMARY JUDGMENT MOTIONS TO APRIL 20, 2012**

       Plaintiff's motion for class certification is currently scheduled for a hearing on March 23, 2012. On March 9, 2012, defendant filed a motion for summary judgment on plaintiff Provine's individual claims, and that motion is scheduled for a hearing on April 13, 2012. On March 12, 2012, plaintiff filed a motion to stay briefing and determination of defendant's motion for summary judgment pending resolution of plaintiff's motion for class certification. Defendant opposes the requested stay.

       Plaintiff asserts that the Court should decide the class certification motion first because if the Court certifies a class, class members must be given the opportunity to opt out of the class before a ruling on the merits of plaintiff's claims. However, as defendant notes, defendant's motion for summary judgment is directed at plaintiff's individual claims, and absent class members will not be bound by the Court's ruling on the summary judgment motion. Plaintiff also asserts that the Court should decide the class certification motion first because if the Court denies certification, the case may settle. Defendant responds, and the Court agrees, that regardless of the disposition of plaintiff's motion for class certification, defendant is permitted to bring a summary judgment motion on plaintiff's individual claims.

       Finally, plaintiff argues that because the Court has not yet ruled on class certification, plaintiff has not completed all merits discovery necessary for opposing summary judgment. Defendant responds

that nothing has prevented plaintiff from propounding merits discovery related to plaintiff's individual claims, and defendant notes that it has taken plaintiff's deposition and during that deposition asked plaintiff about his individual and class claims.

The Court has reviewed the class certification briefing and defendant's motion for summary judgment, and finds that a stay is not in the interest of judicial efficiency, and, to the contrary, that it makes sense to consider these motions at the same time. Both motions present similar issues regarding whether "Bravo Awards" paid by defendant are discretionary in nature. Plaintiff seeks to certify a class of employees who earned "Bravo Awards," and plaintiff alleges, *inter alia*, that the amount of the Bravo Award should have been calculated into the regular rate of pay for non-exempt employees for purposes of determining the amount of overtime wages owed. Defendant opposes class certification, arguing that plaintiff's case depends on whether Bravo Awards were discretionary (because if they were discretionary defendant properly excluded the awards from the rate of pay), and that there is no common way of proving whether the Bravo Awards were discretionary. Defendant's motion for summary judgment contends that plaintiff's Bravo Awards were discretionary. Thus, the central issues presented by both motions are the same.[1]

Accordingly, the Court DENIES plaintiff's motion to stay. Docket No. 43. The Court reschedules plaintiff's motion for class certification and defendant's motion for summary judgment to **April 20, 2012 at 9:00 a.m**. Plaintiff's opposition to the summary judgment motion is due **March 30, 2012**, and defendant's reply is due **April 6, 2012**.

**IT IS SO ORDERED.**

Dated: March 20, 2012

SUSAN ILLSTON
United States District Judge

---

[1] To the extent that plaintiff asserts that specific discovery is necessary to oppose defendant's motion for summary judgment, plaintiff may file a declaration pursuant to Federal Rule of Civil Procedure 56(d), in addition to filing an opposition to defendant's motion.

2