1  MORGAN, LEWIS & BOCKIUS LLP
   BARBARA J. MILLER, SBN 167223
2  barbara.miller@morganlewis.com
   JENNIFER L. BRADFORD, SBN 203871
3  jbradford@morganlewis.com
   JONATHAN C. ARNETT, SBN 255135
4  jarnett@morganlewis.com
   5 Park Plaza, Suite 1750
5  Irvine, CA  92614
   Telephone:    949.399.7000
6  Facsimile:     949.399.7001

7  Attorneys for Defendant
   OFFICE DEPOT, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOWARD DAVID PROVINE, individually and on behalf of other persons similarly situated,<br><br>            Plaintiff,<br><br>     vs.<br><br>OFFICE DEPOT, INC. and DOES 1 through 10,<br><br>            Defendants. | Case No. CV 11-00903 SI<br><br>**DEFENDANT OFFICE DEPOT, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT OF PLAINTIFF HOWARD DAVID PROVINE'S  CLAIMS**<br><br>**Date:**          April 20, 2012<br>**Time:**          9:00 a.m.<br>**Courtroom:**  10 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23082037.1                      REPLY ISO MOTION FOR SUMMARY JUDGMENT

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. OFFICE DEPOT IS ENTITLED TO SUMMARY JUDGMENT ON PROVINE'S OVERTIME CLAIM AS A MATTER OF LAW ............................................................... 2

    A. Provine Concedes That the Fact of Payment to Him Was Discretionary ............... 2

    B. The Undisputed Facts Establish That the Amount of Payment to Provine Was Discretionary ................................................................................................... 2

III. PART 548 OF THE CODE OF FEDERAL REGULATIONS IS APPLICABLE TO PROVINE ....................................................................................................................... 4

IV. UNDISPUTED EVIDENCE ESTABLISHES THE EXISTENCE OF A GOOD FAITH DISPUTE .................................................................................................................. 7

V. THE AMOUNT OF WAITING TIME PENALTIES PURPORTEDLY OWED TO PROVINE IS UNCONSTITUTIONAL IN THIS CASE .................................................... 10

VI. UNCONTROVERTED FACTS ESTABLISH THAT OFFICE DEPOT DID NOT VIOLATE LABOR CODE SECTION 226(A) .................................................................. 11

VII. PROVINE DID NOT SUFFER ANY INJURY AS A RESULT HOW HIS WAGE STATEMENTS DISPLAYED INFORMATION .............................................................. 12

    A. Provine Cannot Rely Upon Conclusory Declaration Statements .......................... 12

    B. Provine Cannot Contradict Sworn Deposition Testimony ..................................... 13

    C. The Need to Do Basic Math Does Not Provide the Requisite Injury to Maintain a Labor Code Section 226 Claim ............................................................. 14

VIII. PROVINE'S DERIVATIVE CLAIMS SHOULD BE DISMISSED ................................ 14

IX. NOTHING IN OFFICE DEPOT'S SUMMARY JUDGMENT MOTION SUGGESTS THAT CLASS CERTIFICATION IS PROPER ............................................. 15

X. CONCLUSION .................................................................................................................... 15

# TABLE OF AUTHORITIES

Page

**CASES**

*Advanced-Tech Security Serv., Inc. v. Superior Ct.*
   163 Cal. App. 4th 700 (2008) ............................................................................................... 6

*Alonzo v. Maximus, Inc.*
   2011 WL 6396444 (C.D. Cal. 2011) ............................................................................ 8, 9, 14

*Alvarado v. Costco Wholesale Corp.*
   2008 U.S. Dist. LEXIS 48935 (N.D. Cal. 2008) .................................................................. 7

*Amaral v. Cintas Corp.*
   163 Cal. App. 4th 1157 (2008) ............................................................................................. 9

*Anderson v. Liberty Lobby, Inc.*
   477 U.S. 242 (1986) ............................................................................................................. 9

*Block v. City of Los Angeles*
   253 F.3d 410 (9th Cir. 2001) .............................................................................................. 13

*Campbell v. PricewaterhouseCoopers, LLP*
   602 F. Supp. 2d 1163 (E.D. Cal. 2009) ............................................................................ 8, 9

*Dalton v. Lee Publ'ns, Inc.*
   2011 U.S. Dist. LEXIS 29835 (S.D. Cal. 2011) .................................................................. 8

*Francais v. Somps*
   92 Cal. 503 (1891) ............................................................................................................... 6

*Jaimez v. DAIOHS USA, Inc.*
   181 Cal. App. 4th 1286 (2010) ..................................................................................... 11, 12

*Harris v. Vector Marketing Corp.*
   656 F. Supp. 2d 1128 (N.D. Cal. 2009) ........................................................................... 7, 8

*Huntington Mem. Hosp. v. Superior Ct.*
   131 Cal. App. 4th 893 (2005) ............................................................................................... 6

*Kenyon v. Western Union Tel. Co.*
   100 Cal. 454 (1893) ............................................................................................................. 6

*Knoke v. Swan*
   2 Cal. 2d 630 (1935) ............................................................................................................ 6

*MAI Sys. Corp. v. Peak Computer, Inc.*
   991 F.2d 511 (9th Cir. 1993) .............................................................................................. 12

# TABLE OF AUTHORITIES

**Page**

*Marshall v. East Carroll Parish Hosp. Serv. Dist.*
    134 F.3d 319 (5th Cir. 1998) .................................................................................. 12

*Matsushita Elec. Indus. Co. v. Zenity Radio Corp.*
    475 U.S. 574 (1986) ................................................................................................ 9

*Miller v. Fairchild Indus., Inc.*
    797 F.2d 727 (9th Cir. 1986) .................................................................................. 12

*National Steel Corp. v. Golden Eagle Ins. Co.*
    121 F.3d 496 (9th Cir. 1997) .................................................................................. 12

*Palucki v. Sears, Roebuck & Co.*
    879 F.2d 1568 (7th Cir. 1989) ................................................................................ 12

*Patterson v. Morgan Stanley Smith Barney*
    2012 WL 639483 (E.D. Cal. 2012) ........................................................................ 13

*Pirian v. In-N-Out Burgers*
    2007 WL 1040864 (C.D. Cal. 207) ........................................................................ 10

*Price v. Starbucks*
    192 Cal. App. 4th 1136 (2011) .............................................................................. 14

*Reber v. AIMCO/Bethesda Holdings, Inc.*
    2008 U.S. Dist. LEXIS 81790 (C.D. Cal. 2008) ................................................. 7, 8

*York v. Starbucks Corp.*
    2011 U.S. Dist. LEXIS 118310 (C.D. Cal. 2011) .................................................. 14

*Zator v. Sprint/United Mgmt. Co.*
    2011 WL 1157527 (S.D. Cal. 2011) ........................................................................ 6

**STATUTES**

29 U.S.C. § 207(g) ............................................................................................................ 5

Cal. Labor Code § 226 ............................................................................................. *passim*

Fed. R. Civ. P. 56(c) ......................................................................................................... 9

**OTHER AUTHORITIES**

29 C.F.R. § 548.1 ......................................................................................................... 4, 5

29 C.F.R. § 548.2 ......................................................................................................... 4, 7

29 C.F.R. § 548.3 ...................................................................................................... 4, 6, 7

# TABLE OF AUTHORITIES

**Page**

29 C.F.R. § 548.305 ................................................................................................................ 4

29 C.F.R. § 778.401 ................................................................................................................ 5

Cal. Code Regs. tit. 8, § 13520 ............................................................................................... 9

1996.08.06 DOL Opinion Letter, 1996 WL 1031796 ............................................................ 3

2006.07.06 DOL Opinion Letter .......................................................................................... 11

## I. INTRODUCTION

Plaintiff Howard David Provine's ("Provine") Opposition fails to submit a scintilla of evidence to support Provine's claims. Rather, the Opposition refers to Provine's conclusory declaration that was submitted in support of his class certification motion. This is simply not sufficient to defeat Defendant Office Depot, Inc.'s ("Office Depot") summary judgment motion. Consequently, Office Depot is entitled to summary judgment as to all of Provine's claims.

Provine's Opposition concedes that if the Bravo payments made to Provine were discretionary, then Office Depot properly excluded them from the regular rate. Provine's Opposition argues exclusively that the amount of the Bravo payment, *if received*, was $50. This argument entirely ignores the undisputed fact that until his moment his Bravo card was actually drawn, Provine did not know that he would receive anything – the likely result would be that he received nothing ($0). Thus he knew neither that the fact or amount of payment to him until the moment of the draw, rendering the payment completely random and discretionary. Moreover, Provine had no expectation or prior knowledge regarding whether he would receive a Bravo card to put in the drawing in the first instance, thus receipt of the chance to enter the drawing was completely discretionary. Thus, the amount of payment either $0 or $50 was not known to Provine. Because the Bravo awards received by Provine were discretionary bonuses, Office Depot properly excluded them from the regular rate calculation.

Moreover, Provine's Opposition does not dispute that the total amount at issue, if the Bravo prizes were included in his regular rate, is twenty-three cents ($0.23). Applicable federal regulations – which are followed by California courts absent controlling or conflicting California law (which there is none) – establish that the $0.23 was properly excludable from the regular rate. Provine does not dispute that the amount would be excluded under the regulations, he simply argues, with no citation to relevant authority, that the regulations do not apply. He does not explain, however, how the federal regular rate calculation regulations at issue conflict with controlling California law. Since no conflicting California law exists, federal regulations control, and the amounts at issue were properly excluded from the regular rate as the amount at issue is less than $.50.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23082037.1                                REPLY ISO MOTION FOR SUMMARY JUDGMENT

In addition, Provine fails to offer any evidence to establish that Office Depot "willfully" failed to pay him wages upon termination, which is an essential element of his claim for waiting time penalties. Provine also fails to offer any evidence to establish that Office Depot knowingly and intentionally failed to provide him accurate wage statements, which is an essential element of his wage statement claim. Accordingly, these claims fail as a matter of law.

Furthermore, Provine's wage statement claim fails for the additional reasons that he conceded at his deposition that he did not suffer any injury as a result of alleged wage statement violations. He cannot now contradict this deposition testimony through a conclusory and contradictory declaration submitted in support of his class certification motion. Provine's wage statement claim also fails because he conceded that his wage statements were accurate with respect to the amounts he actually received. Thus, Provine cannot establish a pay statement violation.

## II. OFFICE DEPOT IS ENTITLED TO SUMMARY JUDGMENT ON PROVINE'S OVERTIME CLAIM AS A MATTER OF LAW

### A. Provine Concedes That the Fact of Payment to Him Was Discretionary

In its moving papers, Office Depot argues that the Bravo payments made to Provine were discretionary bonuses, because both the fact of payment and the amount of payment was determined at the sole discretion of Office Depot at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing Provine to expect such payments regularly. Provine's Opposition does not dispute that if the Bravo payment was a discretionary bonus, then Office Depot properly excluded the payment from the regular rate calculation. Provine's Opposition is devoid of any argument that the fact of payment was anything other than discretionary and, instead, focuses exclusively on addressing the amount of payment. Thus, it is undisputed that the fact of a Bravo payment to Provine is discretionary in nature.

### B. The Undisputed Facts Establish That the Amount of Payment to Provine Was Discretionary

Contrary to Provine's Opposition, there was no "contract or promise fixing the amount of the bonus prior to the awarding of the bonus" with respect to the Bravo payment. (Opp. at 2:11-12.) As pointed out in its moving papers, before an actual drawing, Provine did not know if he

1 would receive anything at all, as the amount of payment was unknown --it could be either $0 or
2 $50. To support its conclusion that the Bravo payments were discretionary, Office Depot cites to
3 numerous cases as well as a 1996 Opinion Letter issued by the DOL, 1996.08.06 DOL Opinion
4 Letter, 1996 WL 1031796, at *1. Other than a conclusory statement that the cases cited in Office
5 Depot's moving papers are "factually distinguishable," Provine's Opposition does not even
6 attempt to distinguish the cases.

7 In a failed attempt to distinguish the 1996 Opinion Letter where the DOL specifically
8 addressed a similar situation involving a drawing for a prize and found the (very large) prize
9 discretionary, Provine argues that because the prize at issue in the Opinion Letter was only
10 awarded twice a year, there was no promise that could give rise to the expectation of any kind of
11 "regular" payment and that the value of the car was not fixe. The Opposition, however, does not
12 cite to anything that would support the conclusion that the make, model, and value of the prize (a
13 car) was not known long before the time of the drawing. Moreover, the DOL focused on the
14 remote likelihood of winning the car to support its conclusion that the award was discretionary.
15 Nothing in the Opinion Letter suggest that the opinion was based on the value of the car not
16 being known in advance.

17 As explained in its moving papers, the Bravo prize drawing, like the car lottery program
18 considered by the DOL in its Opinion Letter, is one where Provine could receive something of
19 value only through his luck of the draw in winning a drawing. Before a drawing occurred,
20 Provine did not know whether he would win anything at all. The Bravo prizes were
21 discretionary, because Provine had no knowledge of whether he would win $0 or $50 (the
22 specific amount of expected payment to him).

23 Moreover, Provine's Opposition completely fails to address Office Depot's argument that
24 because Provine never had an expectation of receiving a Bravo card that would allow him to
25 participate in a drawing in the first place, he had no expectation of receiving anything at all (*i.e.*,
26 the chance to participate to win any amount was in and of itself discretionary). While Provine
27 knew a drawing would occur sometime, he did not even know whether he would be able to
28 participate at all. His chance to participate was totally discretionary, which is not addressed by

3

1    Provine's Opposition at all.

2        Provine did not know whether he would participate until he received a card, which
3    decision was totally discretionary in the first instance. Once he received a card, the likelihood of
4    him receiving anything was low, because there were between 40 to 150 Bravo cards in a drawing
5    (Norris Decl. ¶ 7), Thus, Provine had no prior expectation that he would receive anything. Until
6    the drawing took place, he did not know whether he would win $0 or $50 or have an expectation
7    of receiving anything. Thus, he knew neither whether he would receive anything or how much he
8    would receive, and the prize was discretionar.

### III. PART 548 OF THE CODE OF FEDERAL REGULATIONS IS APPLICABLE TO PROVINE

    Provine's Opposition does not challenge that the total amount at issue on his unpaid overtime claim – assuming he was right and the Bravo payments were non-discretionary – is $0.23 for his entire employment. Nor does Provine's Opposition challenge that the basic rate applicable to him complies with the requirements of 29 C.F.R. § 548.2. Nor does Provine's Opposition challenge that under 29 C.F.R. § 548.3(e), an employer may exclude from the overtime rate, "additional payments . . . which, if included in the computation of overtime . . . would not increase the total compensation of the employee by more than 50 cents a week on the average for all overtime weeks." *Id.* § 548.3(e); *see also* 29 C.F.R. § 548.305(b), (c) (recognizing the *de minimis* impact of an employer rewarding its employees with modest bonuses or prizes as a nominal cost to be excluded from the regular rate, stating that "[e]xamples of payments which may be excluded [from the regular rate] are . . . bonuses or prizes of various sorts" that do not increase total compensation by more than $0.50 per week).

    Rather, Provine's Opposition argues that this *de minimis* amount of $0.23 should have been included in the regular rate of pay because 29 C.F.R. § 548.3(e) only applies to piece rate workers. Provine's Opposition, however, does not cite to any case or other authority suggesting that this is true. Instead, Provine cites to 29 C.F.R. § 548.1 for the assertion that 29 C.F.R. § 548.3 only applies to the calculation of overtime pay "in accordance with Section 7(g)(3) of the Fair Labor Standards Act [FLSA]," and then argues in a conclusory fashion – again with no

4

citation to any authority – that Section 7(g)(3) of the FLSA addresses "employment at piece rates." This argument, however, is simply wrong.

Section 7(g) of the FLSA, which is codified at 29 U.S.C. § 207(g), states as follows:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee for a workweek in excess of the maximum workweek applicable to such employee under such subsection if, pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work, the amount paid to the employee for the number of hours worked by him in such workweek in excess of the maximum workweek applicable to such employee under such subsection—
>
>> (1) *in the case of an employee employed at piece rates*, is computed at piece rates not less than one and one-half times the bona fide piece rates applicable to the same work when performed during nonovertime hours; **_or_**
>>
>> (2) *in the case of an employee performing two or more kinds of work for which different hourly or piece rates have been established*, is computed at rates not less than one and one-half times such bona fide rates applicable to the same work when performed during nonovertime hours; **_or_**
>>
>> **_(3) is computed at a rate not less than one and one-half times the rate established by such agreement or understanding as the basic rate to be used in computing overtime compensation thereunder_** . . . ;
>
> and if
>
>> (i) the employee's average hourly earnings for the workweek exclusive of payments described in paragraphs (1) through (7) of subsection (e) of this section are not less than the minimum hourly rate required by applicable law, and
>>
>> (ii) extra overtime compensation is properly computed and paid on other forms of additional pay required to be included in computing the regular rate.

29 U.S.C. § 207(g) (emphasis added). Office Depot is relying on 29 U.S.C. § 207(g)(3), not § 207(g)(1) and the regulations that interpret § 207(g)(3). .Nothing in § 207(g)(3) remotely suggests that it only applies to piece rate workers. The regulations on which Office Depot relies, 29 CFR § 548.1 *et seq.* specifically state that they are interpreting section **7(g)(3)**. 29 CFR § 548.1. (stating that "the regulations in this part set forth the requirements for authorization of established basic rates . . . in accordance with section 7(g)(3)"). The Code of Federal Regulations specifically provide that payments made in conformance with part 548 satisfy the overtime requirements of the FLSA. *See, e.g.,* 29 C.F.R. § 778.401 ("Regulations issued pursuant to

section 7(g)(3) of the Act are published as Part 548 of this chapter. Payments made in conformance with these regulations satisfy the overtime pay requirements of the Act.").[1] Thus, the provisions of part 548 of title 29 of the Code of Federal Regulations apply to Provine.

Provine's Opposition next argues that even if 29 C.F.R. § 548.3(e) was applicable, no California case, statute, or regulation adopts these specific federal regulation. As pointed out in its moving papers, however, absent controlling or conflicting California law, California applies the FLSA and its regulations to determine what is excludable from compensation when calculating the regular rate of pay for overtime purposes. *See, e,g.,* DLSE Enforcement Policies & Interpretations Manual ("DLSE Manual") § 49.1.2 (2002) ("In determining what payments are to be included in or excluded from the calculation of the regular rate of pay, California law adheres to the standards adopted by the U.S. Department of Labor to the extent that those standards are consistent with California law."); *Advanced-Tech Security Serv., Inc. v. Superior Ct.*, 163 Cal. App. 4th 700, 707 (2008) (explaining that California law looks to FLSA to determine what is excludable from compensation when calculating the "regular rate"); *Huntington Mem. Hosp. v. Superior Ct.*, 131 Cal. App. 4th 893, 902-03 (2005) (holding that as long as there is no California authority on whether a certain type of remuneration must be included in the regular rate of pay, federal law dictates whether inclusion is required); *Zator v. Sprint/United Mgmt. Co.*, 2011 WL 1157527, at *8 (S.D. Cal. 2011) ("California looks to the Fair Labor Standards Act to determine what is excludable from compensation and what constitutes the regular rate of pay for overtime purposes.").

Contrary to the assertion in Provine's Opposition, there is no controlling or conflicting California law on excluding *de minimis* amounts from the regular rate calculation. No California authority suggests that, contrary to the FLSA, bonuses or prizes that result in an overtime amount of less than 50 cents per week should be included in the regular rate. The cases cited by Provine in his Opposition – *Knoke v. Swan*, 2 Cal. 2d 630, 631 (1935), *Kenyon v. Western Union Tel. Co.*, 100 Cal. 454, 458 (1893), and *Francais v. Somps*, 92 Cal. 503, 506 (1891) – are completely inapposite. None involve wages or hours of work under the Labor Code, let alone regular rate

---
[1] In his original complaint, Provine asserted that he was paid partly on a commission basis. (Compl. ¶ 6.)

calculations. Moreover, contrary to the assertion in his Opposition that no authority has applied the *de minimis* doctrine to claims brought under the California Labor Code, Office Depot's moving papers cited to authority ecognizing the application of the *de minimus* doctrine. *See Alvarado v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 48935, at *13 (N.D. Cal. 2008) (applying *de minimis* standard to off-the-clock, rest break, and meal break claims brought under the California Labor Code). Moreover, even the DLSE recognizes application of a *de minimis* standard. *See* DLSE Manual §§ 47.2.1, 47.2.1.1.

As pointed out in its moving papers, an employer may establish a basic overtime rate through agreement with an employee. 29 C.F.R. § 548.2. Provine does not dispute that there was an understanding or agreement that he would be paid an hourly rate of $8.40 an hour and an overtime rate of $12.60 per hour. Nor does he dispute that this basic rate complied with all of the requirements of 29 C.F.R. § 548.2. Because Provine does not dispute that the total amount at issue amounted to less than twenty-five cents ($0.25) for his entire employment, the amounts Provine received from the Bravo program were properly excludable under 29 C.F.R. § 548.3(e).

## IV. UNDISPUTED EVIDENCE ESTABLISHES THE EXISTENCE OF A GOOD FAITH DISPUTE

Office Depot's moving papers argued that it was entitled to summary judgment on Provine's waiting time penalties claim because, *inter alia*, a good faith dispute exists as to whether the Bravo payments should be included in the regular rate. Office Depot also argued that it was entitled to summary judgment on Provine's wage statement claim because, *inter alia*, it did not knowingly and intentionally fail to comply with Labor Code Section 226(a) with regard to any purported inaccuracy in Provine's wage statements. Nothing in Provine's Opposition changes the fact that Office Depot is entitled to summary judgment on these claims.

First, Provine's Opposition argues that when reasonableness and/or intent are at issue, summary judgment is inappropriate. Courts in California, however, have routinely granted summary judgment on waiting time penalty claims. *See, e.g., Harris v. Vector Marketing Corp.*, 656 F. Supp. 2d 1128, 1146-47 (N.D. Cal. 2009) (granting summary judgment on Section 203 claim where good faith dispute existed as to whether plaintiff was an employee); *Reber v.*

*AIMCO/Bethesda Holdings, Inc.*, 2008 U.S. Dist. LEXIS 81790, at *24 (C.D. Cal. 2008) (holding that summary adjudication appropriate on Section 203 claim where good faith dispute existed whether employees were misclassified as exempt); *Campbell v. PricewaterhouseCoopers, LLP*, 602 F. Supp. 2d 1163, 1185 (E.D. Cal. 2009) (granting employer's motion for summary adjudication on the issue of Section 203 penalties, because the issue involved application of legal authority whose interpretation was previously not clear); *Alonzo v. Maximus, Inc.*, 2011 WL 6396444, at *30-*31 (C.D. Cal. 2011) (granting the employer's motion for summary judgment on the waiting time penalties claim even though it determined that the underlying bonus was non-discretionary).

Likewise, courts in California have routinely granted summary judgment on wage statement claims. *See, e.g., Dalton v. Lee Publ'ns, Inc.*, 2011 U.S. Dist. LEXIS 29835, at *16 (S.D. Cal. 2011) ("A 'good faith dispute' as to whether Plaintiff is subject to these provisions precludes a finding that Defendant acted with requisite scienter."); *Reber*, 2008 U.S. Dist. LEXIS 81790, at *25 (granting summary judgment, "because a good faith dispute exists as to whether [plaintiffs] are exempt, [defendant] was not 'knowing and intentional' in failing to provide [Section 226] statements"); *Harris*, 656 F. Supp. 2d at 1145-46 (N.D. Cal. 2009) (summary adjudication warranted on Section 226(e) claim where dispute existed as to whether plaintiff was independent contractor or employee and record lacked evidence that conduct was knowing or willful).

Provine's Opposition then asserts – **with no citation to authority** – that in order for Office Depot to establish that it acted "reasonably" and in "good faith," Office Depot must submit evidence that it actually considered or made a decision about whether to factor Bravo payments into the regular rate of pay, when such a decision was made, who made the decision, what facts were relied upon in making the decision, what documents were relied upon in making the decision, whether it had any knowledge of any of the federal regulations cited in the moving papers when it made the decision, whether it relied upon any of the federal regulations cited in the moving papers when it made the decision, and whether it relied upon the advice of counsel when it made the decision. No authority of any nature however, supports such a contention; Provine

1  just makes it up in a futile effort to avoid summary judgment on a claim that should never have
2  been brought in the first instance.

3  As pointed out in its moving papers, all that is required for a finding of a "good faith
4  dispute" is that Office Depot "presents a defense, based in law or fact which, if successful, would
5  preclude any recovery on the part of the employee." Cal. Code Regs. tit. 8, § 13520. Whether the
6  defense ultimately is successful is inconsequential. *Id.* Indeed, where the law governing wage
7  payments is unclear, such that the employer's understanding of the legal requirements, even if
8  mistaken, was undisputedly in good faith, a failure to pay earlier is not "willful." *See, e.g.,*
9  *Amaral v. Cintas Corp.,* 163 Cal. App. 4th 1157, 1201-03 (2008) (no "willful" violation where
10 employer's position raised "complicated issues of first impression"); *Campbell*, 602 F. Supp. 2d
11 at 1185 (granting employer's motion for summary adjudication on the issue of Section 203
12 penalties, despite also granting employee's motion for summary adjudication on the issue of
13 exemption, because the issue involved application of legal authority whose interpretation was
14 previously not clear); *Alonzo*, 2011 WL 6396444, at *30-*31 ("Though Defendant's arguments
15 did not ultimately carry the day under the law as found by this Court, Defendant nonetheless
16 presented good faith defenses . . . that, 'under all the circumstances,' were not unsupported by any
17 evidence, were not reasonable, and were not presented in bad faith."). Motive, intent, and the like
18 are simply not an element of the defense.

19 Likewise, unless an inaccuracy in a wage statement results from "a knowing and
20 intentional failure" on the part of the employer that causes actual "injury" to the employee, an
21 employer is not liable. Cal. Labor Code § 226(e).

22 Moreover, Provine may not defeat summary judgment merely by asserting conclusory
23 statements or discrediting Office Depot's evidence. Fed. R. Civ. P. 56(c). Pointing to a "mere
24 scintilla" of evidence also is not sufficient; rather, he "must present affirmative evidence." *See*
25 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 257 (1986). If the evidence in the record
26 "could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue
27 for trial,'" and the motion should be granted. *Matsushita Elec. Indus. Co. v. Zenity Radio Corp.*,
28 475 U.S. 574, 587 (1986). Here, Provine's Opposition fails to submit any evidence that Office

1  Depot "willfully" failed to pay him wages upon employment termination – which is an essential
2  element to his claim for waiting time penalties. Nor does his Opposition submit any evidence that
3  Office Depot knowingly and intentionally failed to provide him accurate wage statements – which
4  is an essential element of his wage statement claim.
5        Here, no court has ever found that prizes akin to the $50 Bravo prize must be included in
6  the regular rate calculation, nor is there any authority that would suggest that the prizes needed to
7  be included in calculating his regular rate of pay. This is sufficient to establish that a "good faith"
8  dispute exists and that Office Depot did not knowingly and intentionally cause injury as a result
9  of an inaccurate wage statement. Provine has submitted no evidence to the contrary.
10  Accordingly, this Court should grant summary judgment on Provine's waiting time penalties and
11  wage statement claims.

## V.    THE AMOUNT OF WAITING TIME PENALTIES PURPORTEDLY OWED TO PROVINE IS UNCONSTITUTIONAL IN THIS CASE

      Provine's Opposition asserts that "Defendant has not cited a single case to support the notion that the possibility of an excessive damage award, which might have to be reduced to comport with due process, provides a defense to liability." (Opp. at 8:18-20.) Office Depot's moving papers argue that *in this particular case* – even if liability was ultimately established – that the amount of penalty at issue is unconstitutionally confiscatory. Provine's Opposition argues that this Court should defer deciding this issue until a later time. The case cited by Provine in his Opposition – *Pirian v. In-N-Out Burgers*, 2007 WL 1040864, at *5 (C.D. Cal. 207) – does not help him, as it is a case dealing with whether a Court should grant a motion to dismiss a claim for the violation of the Fair and Accurate Credit Transactions Act at the pleading stage. In *Pirian*, the court stated that "the constitutional guidelines regarding the excessiveness of a damage award cannot be properly applied before the amount of damages has been determined." *Id.* at *5.

      Here, Provine's Opposition does not dispute that the amount of unpaid overtime at issue is twenty-three cents ($0.23). Nor does the Opposition assert that the purportedly owed waiting time penalties as set forth in the moving papers – $2,016 (assuming an eight hour workday) or

$1,008 (assuming a four hour workday) – would be anything other than confiscatory. Accordingly, in this particular case, Office Depot is seeking to adjudicate Provine's individual claim – one that would concededly result in a confiscatory penalty if Office Depot was ultimately found liable. Therefore, Office Depot is entitled to have this issue summarily adjudicated in its favor.

## VI. UNCONTROVERTED FACTS ESTABLISH THAT OFFICE DEPOT DID NOT VIOLATE LABOR CODE SECTION 226(A)

In its moving papers, Office Depot argues that Labor Code Section 226 does not create a penalty for non-payment or late payment of wages, but rather simply requires that employers accurately describe the monies that are being paid "***at the time of each payment*** of wages." Cal. Labor Code § 226(a) (emphasis added). Nothing in Labor Code Section 226 requires that employers describe monies that are ***not*** being paid. To support this position, Office Depot's moving papers cited an Opinion Letter issued by the DLSE – 2006.07.06 DLSE Opinion Letter, at 2 (stating that the purpose of Section 226 "is to provide transparency as to the calculation of wages" and "to allow employees to maintain their own records of wages earned, deductions, and pay received"). Provine's Opposition does not even address this Opinion Letter or the language contained in California Labor Code Section 226(a).

Indeed, it is not entirely clear what Provine's Opposition is arguing with respect to why summary judgment should be denied on his wage statement claim. The Opposition's argument that the wage statements violate Labor Code Section 226(a) is contained in one paragraph, which states the following: "Section 226 requires that wage statements set forth the correct amount of wages *earned* by employees – not paid to employees. Under Defendant's interpretation of Section 226, a wage statement would be 'accurate' even if the employer concededly failed to pay the employee all the wages that were due. Obviously, that is not the law. *See, e,g.., Jaimez v. DAIOHS USA, Inc.* (2010) 181 Cal. App. 4th 1286, 1306." (Opp. at 9:6-10.)

*Jaimez*, however, is readily distinguishable on two grounds. First, *Jaimez* is not a summary judgment case, but rather discusses whether class certification is appropriate. Second, the plaintiff in *Jaimez* contended the wage statements violated Labor Code Section 226 because

1  (1) they identified "current earnings" rather than "gross wages," (2) listed "total hours paid" so
2  that the employees could not determine if all hours worked are being paid, (3) failed to identify
3  the commission percentage or the draw or piece-rate formula, and (4) failed to identify the hourly
4  rates, commission rate, or piece rates in effect. *Id.* at 1305-06.  Here, unlike the wage statements
5  at issue in *Jaimez*, all of the money being paid – including the Bravo payment and rate it was paid
6  at – was listed on Provine's wage statement.  The only way Provine's wage statements were
7  inaccurate was if an *additional* disputed amount of overtime should have been paid.

8      Provine conceded that the wage statements he received accurately displayed the Labor
9  Code Section 226(a) information with respect to what he was paid.  (Provine Depo. 31:15-32:6,
10 33:10-19.)  Nothing in Labor Code Section 226 provides for a penalty for omitting description of
11 monies that were not being paid and, indeed .that are disputed in a lawsuit (*i.e.,* money Office
12 Depot was not paying Provine).  Thus, there is no violation of Labor Code Section 226.

## VII. PROVINE DID NOT SUFFER ANY INJURY AS A RESULT HOW HIS WAGE STATEMENTS DISPLAYED INFORMATION

### A. Provine Cannot Rely Upon Conclusory Declaration Statements

15     In order to defeat summary judgment, the opposing party's evidence or reasonable
16 inferences from such evidence must raise a "genuine dispute" as to any material fact shown by the
17 moving party.  The party opposing summary judgment must set forth specific facts showing that
18 there is a genuine issue for trial.  *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 518
19 (9th Cir. 1993); *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 731 (9th Cir. 1986).  Evidentiary
20 facts are required to support or oppose a summary judgment motion; ***conclusory statements are***
21 ***not sufficient***.  *See, e.g., National Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 502 (9th
22 Cir. 1997) (holding that conclusory allegations, without factual support, cannot defeat summary
23 judgment); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998)
24 (holding that conclusory statements are not sufficient to defeat summary judgment motion);
25 *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (7th Cir. 1989) (holding that "a party to a
26 lawsuit cannot ward off summary judgment with an affidavit . . . based on rumor or conjecture").
27     First, Provine does not even submit a declaration in support of his Opposition.  Rather, the

Opposition cites to the declaration submitted by Provine in connection with his class certification motion. Office Depot has already submitted objections to this declaration.

Second, Provine's declaration does not provide the required specificity. For example, Provine states that "the wage statement provided to me and other employees after receiving a Bravo Award for a month in which we worked overtime did not state the correct amount of overtime wages owed." (Provine Decl. ¶ 3.) Not only is this completely conclusory, he offers no foundation or personal knowledge for making such a statement. Likewise, Provine states that "neither I nor other employees could determine the correct amount of overtime wages owed." (*Id.*) Again, this is purely based on speculation, lacks foundation, and lacks personal knowledge. Nothing in his declaration provides any facts, as opposed to conclusory statements, that would suggest he was injured.

### B. Provine Cannot Contradict Sworn Deposition Testimony

A party cannot create an issue of fact by a declaration contradicting his or her own deposition or other sworn testimony. *Patterson v. Morgan Stanley Smith Barney*, 2012 WL 639483, at *9 (E.D. Cal. 2012) ("Neither plaintiff[s'] subjective beliefs nor uncorroborated, self-serving declarations create a genuine issue of fact.") (citing to *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)); *Block v. City of Los Angeles*, 253 F.3d 410, 419, n.2 (9th Cir. 2001) (holding that contradictory declarations do not create a genuine issue of fact).

Despite the contents of his declaration, Provine cannot change the fact that he testified that he did not suffer any injury or harm as a result of the wage statements he received:

> MS. MILLER: Q. Going to the wage statement, which is document OD/Provine 46 –
> A. Okay.
> Q. – do you believe that you were somehow hurt by the way this pay statement displayed information?
> MR. DYCHTER: Objection. Calls for a legal conclusion as to the word "hurt."
> THE WITNESS: No.
> MS. MILLER: Q. Going to the pay statement OD/Provine 55 –
> A. Okay.
> Q. – is there some way you believe you were harmed by the way this pay statement displayed information?
> A. No.

(Provine Depo. 33:8-22.) Provine cannot not contradict his own deposition testimony by claiming he was harmed or injured because "neither I nor other employees could determine the correct amount of overtime wages owed." (Provine Decl. ¶ 3.)

### C. The Need to Do Basic Math Does Not Provide the Requisite Injury to Maintain a Labor Code Section 226 Claim

In its moving papers, Office Depot cites several cases rejecting the notion that Provine suffered injury because he was required to engage in discovery and perform mathematical computations to determine the amount of wages owed, including *Price v. Starbucks*, 192 Cal. App. 4th 1136, 1143 (2011), *York v. Starbucks Corp.*, 2011 U.S. Dist. LEXIS 118310, at *4 (C.D. Cal. 2011), and *Alonzo*, 2011 WL 6396444, at *35-*38. Provine's Opposition does not even attempt to distinguish *York*. The Opposition attempts to distinguish *Price* and *Alonzo* by claiming that the wage statement claims in those cases were not based on an underlying failure to pay wages but instead dealt with claims based on a "technical violation of Section 226, without any accompanying loss of wages." (Opp. at 10:3-9.) The holdings in *Alonzo* and *Price* do not turn on whether there was any accompanying loss of wages, but rather that if all the information needed to verify that the employees were being paid correctly was on the wage statement, then having to do "simple math" did not result in the requisite injury.

Here, as in *Alonzo* and *Price*, Provine's wage statements contain all of the information necessary for Provine to determine if he was paid correctly. Provine's testimony conclusively establishes that he suffered no injury resulting from his wage statements. Thus, this claim should be summarily adjudicated in favor of Office Depot.

## VIII. PROVINE'S DERIVATIVE CLAIMS SHOULD BE DISMISSED

In its moving papers, Office Depot argues that if Provine's underlying Labor Code claims are dismissed, then his derivative unfair competition claim and claim for penalties under the Private Attorneys General Act should be dismissed as well. Provine's Opposition does not address this argument. Accordingly, to the extent this Court grants summary judgment in Office Depot's favor on Provine's other claims, the Court must grant summary judgment on the derivative claims as well.

### IX. NOTHING IN OFFICE DEPOT'S SUMMARY JUDGMENT MOTION SUGGESTS THAT CLASS CERTIFICATION IS PROPER

Provine's Opposition argues that Office Depot's summary judgment motion somehow suggests that class certification is appropriate. (Opp. at 11:2-17.) Such an argument is nonsensical. The summary judgment motion is brought as to Provine's individual claims and is based on Provine's deposition testimony and the declaration from his Store Manager. In Opposition to Provine's class certification motion, Office Depot submitted numerous declarations from other Store Managers indicating that each Store Manager implemented the Bravo program differently in their individual stores. Office Depot has always contended that class certification is inappropriate, as individual issues predominate and that no common proof exists to provide common answer to any question. Consistent with this, Office Depot's summary judgment motion is specific to Provine's claims and the evidence submitted in support of the motion is specific to Provine.

### X. CONCLUSION

For all of the foregoing reasons, Office Depot respectfully requests that this Court grant its motion for summary judgment or, in the alternative, motion for partial summary judgment of Provine's claims.

Dated: April 6, 2012                                 MORGAN, LEWIS & BOCKIUS LLP

                                                     By     /s/ Jennifer L. Bradford
                                                        Jennifer L. Bradford
                                                        Attorneys for Defendant
                                                        OFFICE DEPOT, INC.