1  MORGAN, LEWIS & BOCKIUS LLP
   BARBARA J. MILLER, SBN 167223
2  barbara.miller@morganlewis.com
   JENNIFER L. BRADFORD, SBN 203871
3  jbradford@morganlewis.com
   JONATHAN C. ARNETT, SBN 255135
4  jarnett@morganlewis.com
   5 Park Plaza, Suite 1750
5  Irvine, CA  92614
   Telephone:     949.399.7000
6  Facsimile:     949.399.7001

7  Attorneys for Defendant
   OFFICE DEPOT, INC.

8
                   **UNITED STATES DISTRICT COURT**
9
                 **NORTHERN DISTRICT OF CALIFORNIA**
10

11  HOWARD DAVID PROVINE,                    Case No. CV 11-00903 SI
    individually and on behalf of other persons
12  similarly situated,                       **DEFENDANT OFFICE DEPOT, INC.'S**
                                              **SUPPLEMENTAL BRIEFING ON 29 C.F.R.**
13              Plaintiff,                    **§ 548.3(e)**

14         vs.

15  OFFICE DEPOT, INC. and DOES 1
    through 10,
16

17                        Defendants.

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23148512.1

DEFENDANT'S SUPPLEMENTAL BRIEFING ON 29 C.F.R. § 548.3(e)

1

## I.    **INTRODUCTION**

Pursuant to this Court's order dated April 25, 2012, Defendant Office Depot, Inc. ("Office Depot") submits this supplemental brief regarding the applicability of the 29 C.F.R. §§ 548.3(e) and 548.305[1] *de minimis* defense to Plaintiff Howard Provine's ("Provine") claim.  (Dkt. No. 52.) Section 548.3(e) forecloses Provine's claim that his regular rate should have included the Bravo Prizes, resulting in an increase to his overtime compensation by a grand total of $0.23.[2]  As explained below, Section 548.3(e) applies to Provine's suit and defeats his claim.

## II.    **ARGUMENT**

As this Court noted in its briefing order (Dkt. No. 52 at 1), 29 C.F.R. § 548.3(e) applies to calculations under 29 U.S.C. § 207(g)(3).  29 C.F.R. § 548.1.  As this Court also noted, Provine contends that the fact that Section 207(g)(3) appears in a section entitled "Employment at piece rates" limits Section 207(g)(3) to piece-rate workers.  To the contrary, for at least six reasons, Section 207(g)(3) and the applicable regulations, including Section 548.3(e), apply and bar Provine's claims.

First, it is a fundamental principle of statutory interpretation that the title of a section does not limit or constrict the plain meaning of the text.  *Penn. Dep't of Corrections v. Yeskey*, 524 U.S. 206, 212 (1998) ("The title of a statute cannot limit the plain meaning of the text." (alterations omitted)) (quoting *Trainmen v. Baltimore & Ohio R. Co.*, 331 U.S. 519, 528-29 (1947)).  As the Ninth Circuit recently reiterated:  "We are not persuaded by [plaintiff]'s argument that [the section]'s title . . . should cause us to read the provision differently.  Headings and titles are not meant to take the place of the detailed provisions of the text."  *UMG Recording, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022, 1038 n.12 (9th Cir. 2011) (internal quotation marks omitted).

The language of Section 207(g) is as follows:

---

[1] "Section 548.3(e) permits the employer . . . to omit . . . incidental payments that have a trivial effect on the overtime compensation due.  Examples of payments that may be excluded are . . . bonuses or prizes of various sorts."  29 C.F.R. § 548.305(b).

[2] It is undisputed that in the absence of conflicting regulations, California law "adheres to the standards adopted by the U.S. Department of Labor" to determine "what payments are to be included or excluded from the calculation of the regular rate of pay."  DLSE Enforcement Policies & Interpretations Manual § 49.1.2 (2002), available at http://www.dir.ca.gov/dlse/DLSEManual/dlse_enfcmanual.pdf.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23148512.1

1

DEFENDANT'S SUPPLEMENTAL BRIEFING ON 29 C.F.R. § 548.3(e)

No employer shall be deemed to have violated subsection (a) of this section by employing any employee for a workweek in excess of the maximum workweek . . . if, pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work, the amount paid to the employee for the number of hours worked by him in such workweek in excess of the maximum workweek applicable to such employee under such subsection--

    (1) in the case of an employee employed at piece rates, is computed at piece rates not less than one and one-half times the bona fide piece rates applicable to the same work when performed during nonovertime hours; ***or***

    (2) in the case of an employee performing two or more kinds of work for which different hourly ***or*** piece rates have been established, is computed at rates not less than one and one-half times such bona fide rates applicable to the same work when performed during nonovertime hours; ***or***

    (3) is computed at a rate not less than one and one-half times the rate established by such agreement or understanding as the basic rate to be used in computing overtime compensation thereunder: Provided, That the rate so established shall be authorized by regulation by the Administrator as being substantially equivalent to the average hourly earnings of the employee, exclusive of overtime premiums, in the particular work over a representative period of time . . . .

29 U.S.C. § 207(g) (emphasis added).

Nothing in the text of Section 207(g)(3) mentions it being limited to piece-rate workers. Thus, under the well-established principle of statutory construction, the title of the section does not impose a limiting condition that is not present in the text of the section.

Second, the other subsections of Section 207(g) confirm that the title of Section 207(g) does not limit all its subsections to piece-rate workers. For instance, the express text of section 207(g)(2) makes clear that that subsection applies to both piece-rate workers ***or*** hourly workers. *See also*, *e.g.*, 29 C.F.R. § 778.419 (noting that subsection 207(g)(2) applies to hourly workers); U.S. Dep't of Labor, Wage & Hour Division, Opinion Letter Fair Labor Standards Act, FLSA2005-1NA, Feb. 14, 2005, 2005 WL 5419037 ("Section 7(g)(2) permits an employer to pay an employee overtime compensation at one and one-half times a different *hourly rate* than the employee's regular *hourly rate*." (emphases added)). Just as the title does not limit subsection (g)(2) to piece-rate workers, it does not limit subsection (g)(3) to piece-rate workers.

Similarly, the language of Section 207(g)(1) further undermines Provine's argument. Section 207(g)(1) begins with the clause "in the case of an employee employed at piece rates." If

2

1    all the subparts of Section 207(g) applied to only piece-rate workers, then there would be no need

2    to specifically enumerate that Section 207(g)(1) applies to piece-rate workers.  Indeed, Provine's

3    argument that the title of Section 207(g) imposes a limiting requirement that all of the subsections

4    apply to only piece-rate workers would render the first phrase of Section 207(g)(1) superfluous in

5    violation of the cardinal principle of statutory construction that statutes should be construed so

6    that no part is rendered superfluous.  *See, e.g.*, *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501

7    U.S. 104, 112 (1991); *United States v. Williams*, 659 F.3d 1223, 1227-28 (9th Cir. 2011).

8            Where Congress intended that a provision be limited to piece-rate workers – as in

9    subsection 207(g)(1) – it specifically provided for such in the text of the subsection.  And where

10   Congress did not intend such a limitation – such as in subsections 207(g)(2) and (g)(3) – it did not

11   include such a limitation in the text of the subsection.  Congress's deliberate choice of language

12   in the statutory provisions themselves, rather than the heading of the section, controls the proper

13   interpretation of the statute.  *See, e.g.*, *Russello v. United States*, 464 U.S. 16, 22-23 (1983)

14   ("[W]here Congress includes particular language in one section of a statute but omits it in another

15   section of the same Act, it is generally presumed that Congress acts intentionally and purposely in

16   the disparate inclusion or exclusion. . . . *Had Congress intended to restrict § 1963(a)(1) to an*

17   *interest in an enterprise, it presumably would have done so expressly as it did in the immediately*

18   *following subsection (a)(2)*." (internal citations and quotation marks omitted; emphasis added)).

19           Third, Labor Department regulations themselves acknowledge that Section 207(g)(3) is

20   not limited to piece-rate workers.  For example, 29 C.F.R. § 548.200(b) acknowledges that

21   Section 207(g)(3) concerns generally a "rate of pay, *whatever it may be—an hourly rate, a piece*

22   *rate or a salary*."  And, 29 C.F.R. § 548.301(b) provides an example of using Section 207(g)(3)

23   in a non-piece rate case (applying subsection 207(g)(3) to salaried employees).  So does example

24   2 in 29 C.F.R. § 548.500.

25           The agency has thus confirmed what the plain text makes clear, Section 207(g)(3) applies

26   more broadly than just piece-rate workers.  Therefore, even if the statute were ambiguous (and, as

27   explained above, it is not), this Court should defer to the agency's interpretation of the statute.

28   *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984); *Contract*

1    *Management, Inc. v. Rumsfeld*, 434 F.3d 1145, 1146-47 (9th Cir. 2006) (per curiam).

2        <u>Fourth</u>, the applicable regulations in 29 C.F.R. § 778.400 *et seq.* further confirm that the

3 Department of Labor does not believe that the subsections of Section 207(g) are limited to piece-

4 rate workers.  These regulations discuss the specific – and different – requirements under Section

5 207(g)(1), (g)(2), and (g)(3), respectively.  *See* 29 C.F.R. §§ 778.400-.401 (stating that

6 regulations for Section 207(g)(3) are found in Part 548); *id.* § 778.417 (general requirements for

7 Section 207(g)(1) and (g)(2) rates).  Importantly, the only subsection of Section 207(g) that the

8 regulations identify as being limited to piece-workers is Section 207(g)(1).  *See* 29 C.F.R.

9 § 778.418.  Subsection 207(g)(2), like subsection 207(g)(3), is not so limited to piece-workers.

10 *See* 29 C.F.R. § 778.419 (discussing application of subsection 207(g)(2) to hourly (not piece-rate)

11 employees).

12        <u>Fifth</u>, it is unsurprising that Congress in the statute and the Labor Department in the

13 regulations did not limit the *de minimis* exception to piece-rate workers.  There is no policy

14 reason that explains why the *de minimis* exception would be intended to apply to only piece-rate

15 workers.  As the Department of Labor explained, the purpose of this exception is to "provide[] a

16 means whereby employers may be relieved from the Administrative burden of computing and

17 paying certain sums of additional overtime compensation which become due under the Act by

18 reason of the fact that some additions to the regularly established hourly, daily, weekly, or

19 incentive wage (*such as certain types of small bonuses*) increase the regular rate at which

20 employees are employed, and thus make a *petty and technical increase* in the extra one-half times

21 that rate which they must be paid for overtime work."  31 Fed. Reg. 4149 (1966) (emphases

22 added) (proposing to set the *de miminis* amount in 1966 at $0.50 under current Section 203(g)(3)

23 which at the time was codified at Section 203(f)(3)).  Here, the ***total*** amount the inclusion of the

24 Bravo Prizes would increase the overtime payments is $0.23 ***for Provine's entire employment***.

25 The same rationale for not having the parties quibble over less than a quarter applies to both

26 piece-rate, hourly workers, and other workers.

27        <u>Sixth</u>, applicable cases establish that subsection 207(g)(3) applies to employees who are

28 not paid on a piece-rate basis.  The regulations that implement 29 U.S.C. § 207(g)(3) are

1   contained in 29 C.F.R. § 548 *et. seq.*  Courts have applied these regulations to non-piece rate

2   workers.  *See, e.g., Williams v. U.S. Support Co.*, 2005 WL 2008664, at *3 (W.D. LA 2005)

3   (applying Section 548 to an employee paid at two hourly rates); *Irwin v. Wisconsin*, 1993 WL

4   134051, at n.9 (7th Cir. 1993) (applying Section 548.3(a) to employees paid on a salary basis);

5   *Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 827 (11th Cir. 1988) (discussing

6   application of Section 207(g)(3) to employees paid on a salary basis).

7       For these six reasons, this Court should reject Provine's argument that the title of

8   Section 207(g) somehow limits all of its provisions to only piece-rate workers.

9   **III.**   **CONCLUSION**

10      Provine does not dispute that even if the Bravo Prizes were included in his regular rate, it

11  would increase his overtime pay by only a total of $0.23.  He also does not dispute that if 29

12  C.F.R. § 548.3 applies, then that means the overtime compensation Office Depot paid him were

13  lawful.  *See* 29 C.F.R. § 548.305(b).  Provine's only argument why the section is inapplicable is

14  that the title of the relevant section in which the U.S. Code provision appears is "Employment at

15  piece rates."  But as demonstrated above, the title does not limit the plain language of the statute.

16  Thus, this Court should hold that even if the prizes were non-discretionary, Office Depot was not

17  required to include them in the regular rate for computing overtime compensation.

    Dated: May 2, 2012                          MORGAN, LEWIS & BOCKIUS LLP

18

19                                              By     /s/ *Jennifer L. Bradford*
                                                    Jennifer L. Bradford
20                                                  Attorneys for Defendant

21

22

23

24

25

26

27

28