Gregory N. Karasik (SBN 115834)
greg@karasiklawfirm.com
**Karasik Law Firm**
11835 W. Olympic Blvd. Ste. 1275
Los Angeles, CA 90064
Tel (310) 312-6800
Fax (310) 943-2582

Ira Spiro (SBN 67641)
ira@spiromoore.com
**Spiro Moore LLP**
11377 W. Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1683
Tel.: (310) 235-2468
Fax: (310) 235-2456

Alexander I. Dychter (SBN 234526)
**Dychter Law Offices, APC**
1010 Second Ave., Suite 1835
San Diego, California 92101
Tel: (619) 487-0777; Fax: (619) 330-1827

Attorneys for Plaintiff
HOWARD DAVID PROVINE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD DAVID PROVINE, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE DEPOT, INC. and DOES 1 through 10,<br><br>Defendants. | Case No. CV 11-00903 SI<br><br>CLASS ACTION<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES RE *DE MINIMIS* DEFENSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

SUPPLEMENTAL OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

On April 25, 2012, the Court recognized that the "plain language" of Section 7(g) of the FLSA and "the regulations" under the FLSA make clear that 29 C.F.R. § 548.3(e), which only applies to calculation of overtime pay in accordance with Section 7(g)(3) of the FLSA, is inapplicable to this case. The Court, therefore, gave Defendant the opportunity to submit supplemental briefing with regard to its *de minimis* defense. In response, Defendant has not provided the Court with any legal authority for its *de minimis* defense apart from Section 548.3(e). As explained below, Defendant's continued reliance on Section 548.3(e) as the sole basis for its *de minimis* defense has no merit. Contrary to Defendant's arguments, the plain language of the FLSA and corresponding regulations confirm that Section 7(g)(3) does not apply to an employee paid a single hourly rate of pay; Section 548.3(e) is not consistent with California law; and application of a *de minimis* defense to Plaintiff's wage claims cannot be reconciled with the public policy in favor of class actions to vindicate small claims that are not economical to litigate on an individual basis.

## ARGUMENT

### I. Section 7(g)(3) Of The FLSA Does Not Apply To A Single Hourly Rate Of Pay

The plain text of the FLSA and corresponding regulations make clear that Section 7(g)(3), entitled "Employment at Piece Rates," does not apply to employees, like Plaintiff, with a single hourly rate of pay. Section 7(g)(3) addresses employees paid at a "basic rate" that is "substantially equivalent to the average hourly earnings of the employee." 29 U.S.C. § 207(g)(3); 29 C.F.R. § 548.2. Thus, a "basic rate" under Section 7(g)(3) must necessarily be something other than a singular hourly rate of pay. Otherwise, the "basic rate" would always be exactly equal to the employee's "average hourly earnings" and Section 7(g)(3) would have no meaning. As explained in 29 C.F.R. § 548.100(a), the purpose of Section 7(g)(3) "is to provide an exception from the requirements of computing overtime at the regular rate, and to allow, under specific conditions, the use of an established 'basic' rate instead." Under Section 548.100(a), "Basic rates are alternatives to the regular rate of pay under section 7(a)." Accordingly, neither Section 7(g)(3) nor federal regulations allow or contemplate a "basic rate" that, as Defendant effectively urges in this case, is exactly the same as a single hourly rate that is ordinarily the employee's "regular rate of pay."

None of the cases cited by Defendant supports application of Section 7(g)(3) to an employee with a single hourly rate of pay, like Plaintiff. *Williams v. U.S. Support Co.* (W.D. La. 2005) 2005 WL 2008664 involves an employee with two different hourly rates of pay. Both *Irwin v. Wisconsin* (7th Cir. 1993) 1993 WL 134051 and *Brock v. Norman's Country Market, Inc.* (11th Cir. 1988) 835 F.2d 823 involve employees paid a salary. Likewise, none of the regulations cited by Defendant apply Section 7(g)(3) to an employee with a single hourly rate of pay. For example, 29 C.F.R. § 548.301 expressly applies to "salaried employees" and 29 C.F.R. § 548.500 only provides examples for a piece rate worker and a salaried employee.

Defendant is correct that, strictly speaking, Section 7(g)(3) of the FLSA is not limited exclusively to workers paid a "piece" rate. But, what the statute and regulations nevertheless make clear is that Section 7(g)(3) and 29 C.F.R. § 548 were not intended to apply to employees paid a single hourly rate. What Congress enacted under the title "Employment at Piece Rates" was a provision that was only intended to apply to situations where, because of some payment method *other* than a single hourly rate (such as a piece rate, multiple hourly rates, or a salary), the "basic rate" agreed to by the parties was "substantially equivalent to the average hourly earnings of the employee" such that paying overtime at the rate of one and one half times the employee's "basic rate" complied with the overtime requirements of the FLSA. Since Plaintiff was paid a single hourly rate, neither Section 7(g)(3) nor 29 C.F.R. § 548 apply to the calculation of Plaintiff's "regular rate of pay" in this case.

## II. California Law Does Not Allow A *De Minimis* Defense To Wage Claims

Continuing to rely solely on 29 C.F.R. § 548.3(e) as the only basis for its *de minimis* defense, Defendant has not provided the Court any authority for overcoming Plaintiff's argument that, whether or not Section 548.3(e) would apply to a claim by Plaintiff for unpaid overtime wages under the FLSA, California law does not authorize or allow a *de minimis* defense in this case to Plaintiff's claims for unpaid overtime wages under the Labor Code. There are no California state appellate court decisions or regulations supporting Defendant's assertion of a *de minimis* defense in this case because the plain text of the Labor Code makes clear that, when it comes to wages, California law "does care for small things" such that, in accordance with longstanding California Supreme Court precedent, the *de minimis* defense does not apply. *Francais v. Somps* (1891) 92 Cal. 503, 506.

Numerous provisions of the Labor Code expressly require an employer to pay the full amount of wages owed to employees without any exceptions for small amounts. For example, Sections 201 and 202, which require the payment of wages upon discharge or resignation, do not make any exception for small amounts of unpaid wages. Section 203 provides for the recovery of waiting time penalties for willful failure to pay in accordance with Section 201 or 202 "any wages of an employee." Section 204 requires that "all wages" earned during a pay period be paid on a regular payday. Section 226 requires employers to provide wage statements accurately stating both "the gross wages earned" and the "net wages earned" by the employee. A *de minimis* defense, which allows an employer to avoid liability under the Labor Code despite failing to pay an employee the full amount of wages owed, cannot be reconciled with any provision of the Labor Code that makes no exceptions from its strict requirements.

A *de minimis* defense to wage claims also conflicts with "the public policy in favor of full and prompt payment of wages due an employee." *Kerr's Catering Service v. Department of Industrial Relations* (1962) 57 Cal.2d 319, 326. This policy is "fundamental and well established." *Smith v. Superior Court* (2006) 39 Cal.4th 77, 82. The California Supreme Court has repeatedly recognized that "wages are not ordinary debts" and stressed the importance of employers paying all wages due. *See, e.g., In re Trombley* (1948) 31 Cal.3d 801, 809; *Pressler v. Donald L. Bren Co.* (1992) 32 Cal.3d 831, 837; *Cuadra v. Millan* (1988) 17 Cal.4th 855, 871. It is in accordance with this well established public policy of the state of California that the DLSE, which opines that a *de minimis* defense may apply with respect to rounding practices used to calculate the number of hours worked, nevertheless states that a *de minimis* defense does not allow an employer to fail to count as hours worked "any part, however small, of the employee's fixed or regular working time." DLSE Manual § 47.2.1.1.

While Defendant asserts that federal regulations apply to interpretation of the Labor Code, the California Supreme Court has made clear that California law is more protective of employees than the FLSA and regulations under the FLSA inconsistent with the more beneficial provisions of the Labor Code have neither binding nor persuasive value. *See, e.g., Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 588-594. That is the case here. Because 29 C.F.R. § 548.3(e) is not consistent with the Labor Code or California public policy, Section 548.3(e) does not provide the Court with any legal authority for allowing a *de minimis* defense to Plaintiff's claims for unpaid wages.

3
SUPPLEMENTAL OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

### III. Public Policy Does Not Support Application Of A *De Minimis* Defense To Class Actions

A *de minimis* defense is antithetical to the underlying purpose of class actions, which is to vindicate the rights of people who, individually, would not be able to seek redress for small injuries:

> "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relative paltry potential recoveries into something worth someone's (usually an attorney's) labor."

*Amchem Products, Inc. v. Windsor* (1997) 521 U.S. 591, 617 (citation omitted).

Indeed, the requirement that a class action be "superior" to other procedural means for resolution of the claims at issue, as needed for certification under Rule 23, is designed to ensure that a class action serve the public policy goal of not letting small injuries go without redress:

> The aggregation of individual claims in the context of a classwide suit is an evolutionary response to the existence of injuries unremedied by the regulatory action of government. Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without effective redress unless they employ the class-action device.

*Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper* (1980) 445 U.S. 326, 339. *See also, Local Joint Executive Bd. Of Culinary/Bartenders Trust Fund v. Las Vegas Sands, Inc.* (9th Cir. 2001) 244 F.3d 1152, 1163 (superiority requirement satisfied because case involved "multiple claims for relatively small sums" and a class action was the only method that would "permit the plaintiffs to pool claims which would be uneconomical to litigate individually" [quoting *Phillips Petroleum Co. v. Shutts* (1985) 472 U.S. 797, 809]).

Here, a class action is needed to vindicate the rights of Plaintiff and thousands of other Bravo Award winners who were not paid "paltry" amounts of wages. Defendant's assertion of a *de minimis* defense, to avoid substantial liability in the aggregate to thousands of employees, cannot be reconciled with the public policy served by class actions. It would grossly subvert public policy to allow a defendant to defeat a class action simply because the plaintiff's individual claim was "too small."

## CONCLUSION

The Court correctly recognized that Section 7(g)(3) of the FLSA does not support Defendant's assertion of a *de minimis* defense in this case and, despite the opportunity provided by this Court, Defendant has utterly failed to provide the Court with any legal authority for applying a *de minimis* defense to Plaintiff's class action claims for unpaid wages under the Labor Code. Because neither California law nor California public policy allows a *de minimis* defense to defeat liability for unpaid wages under the Labor Code, and a *de minimis* defense cannot be reconciled with the underlying purpose of class actions to enable redress for small injuries that cannot be obtained through individual lawsuits, Defendant's *de minimis* defense should be rejected.

Dated: May 8, 2012

KARASIK LAW FIRM
DYCHTER LAW OFFICES, APC

By:   /s/ Gregory N. Karasik
      Gregory N. Karasik
      Attorneys for Plaintiff