Gregory N. Karasik (SBN 115834)
greg@karasiklawfirm.com
**Karasik Law Firm**
11835 W. Olympic Blvd. Ste. 1275
Los Angeles, CA 90064
Tel (310) 312-6800
Fax (310) 943-2582

Ira Spiro (SBN 67641)
ira@spiromoore.com
**Spiro Moore LLP**
11377 W. Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1683
Tel.: (310) 235-2468
Fax: (310) 235-2456

Alexander I. Dychter (SBN 234526)
alex@dychterlaw.com
**Dychter Law Offices, APC**
1010 Second Ave., Suite 1835
San Diego, California 92101
Tel: (619) 487-0777
Fax: (619) 330-1827

Attorneys for Plaintiff
HOWARD DAVID PROVINE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD DAVID PROVINE, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE DEPOT, INC. and DOES 1 through 10,<br><br>Defendants. | Case No. CV 11-00903 SI<br><br>CLASS ACTION<br><br>**STIPULATION RE AMENDED CLASS NOTICE AND AMENDED [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff Howard David Provine ("Plaintiff") and defendant Office Depot, Inc. ("Defendant") submit the following Stipulation re Amended Class Notice and Amended [Proposed] Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement as directed by the Court.

1
STIPULATION RE AMENDED CLASS NOTICE AND AMENDED [PROPOSED] ORDER

# **STIPULATION**

1. The parties appeared before this Court on June 14, 2013 at 9:00 a.m. on Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

2. The Court instructed the parties to amend the dates and pertinent information as listed in the Class Notice and [Proposed] Order Granting Preliminary Approval of Class Action Settlement to the following:

- Defendant shall provide the Settlement Administrator with the Class Data no later than June 28, 2013.
- The Settlement Administrator shall provide notice to the Class Members no later than July 12, 2013.
- Deadline for Plaintiff to file a petition for fees, costs, and enhancement award for Plaintiff: August 16, 2013.
- Deadline for members of the Settlement Class to opt out of the settlement or object to the Settlement: September 10, 2013.
- Deadline for Plaintiff to file motion for final approval: October 11, 2013.
- Final Approval and Fairness Hearing: October 25, 2013 at 9:00 a.m.

3. Attached hereto as **Exhibit 1** is the revised Class Notice.

4. Attached hereto as **Exhibit 2** is the revised [Proposed] Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

Dated: June 14, 2013                                KARASIK LAW FIRM
                                                    DYCHTER LAW OFFICES, APC

                                                    By:   /s/ Alexander I. Dychter
                                                          Alexander I. Dychter
                                                          Attorneys for Plaintiff

Dated: June 14, 2013                                MORGAN, LEWIS & BOCKIUS

                                                    By:   /s/ Jennifer L. Bradford
                                                          Jennifer L. Bradford
                                                          Attorneys for Defendant

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

This Notice Of Proposed Class Action Settlement provides important information about a pending class action lawsuit (the "Lawsuit") against Office Depot, Inc. ("Office Depot") and your rights as a class member to participate in or exclude yourself from the Lawsuit.

A.      **Summary Of The Claims**

A former employee of Office Depot named Howard Provine (the "Plaintiff") brought a lawsuit against Office Depot. The Lawsuit is pending in the United States District Court, Northern District of California (the "Court"). Plaintiff contends that Office Depot violates California law by not factoring Bravo Awards into the regular rate of pay of employees who earned a Bravo Award during a period in which they earned overtime. Plaintiff contends that, as a result: 1) Office Depot fails to pay all overtime wages owed to Bravo Award winners; 2) Office Depot fails to provide accurate wage statements to Bravo Award winners; 3) Office Depot engages in unfair competition; and 4) Office Depot fails to pay terminated Bravo Award winners all the wages owed to them at the time of termination.

On behalf of himself and other persons who won Bravo Awards, Plaintiff seeks to recover unpaid overtime wages, penalty wages, interest and attorney's fees.

Office Depot denies Plaintiff's claims and maintains that it has complied with all provisions of California law. The Court has not yet decided whether or not Office Depot violated any laws or whether or not any Bravo Award winner is entitled to any money or other relief.

B.      **Why You Are Receiving This Notice**

On July 6, 2012 the Court granted Plaintiff's motion to have the above-mentioned claims against Office Depot proceed on a class basis on behalf of a Class consisting of the Overtime Wages Class, Wage Statement Class, Restitution Class and Unfair Final Wages Class:

**Overtime Wages Class**: All persons who, at any time since January 19, 2008, worked in California as a non-exempt employee of Office Depot and earned a Bravo Award bonus for a month in which the employee worked more than eight hours in a workday or more than forty hours in a workweek.

**Wage Statement Class**: All persons who, at any time since January 19, 2010, worked in California as a non-exempt employee of Office Depot and earned a Bravo Award bonus for a month in which the employee worked more than eight hours in a workday or more than forty hours in a workweek.

**Restitution Class**: All persons who, at any time since the January 19, 2007, worked in California as a non-exempt employee of Office Depot and earned a Bravo Award bonus for a month in which the employee worked more than eight hours in a workday or more than forty hours in a workweek.

**Unpaid Final Wages Class**: All persons whose employment with Office Depot ended at any time since January 19, 2008 who worked in California as a non-exempt employee of Office Depot and earned a Bravo Award bonus for a month in which the employee worked more than eight hours in a workday or more than forty hours in a workweek.

Thereafter, on June 14, 2013, the Court preliminarily approved a settlement (the "Settlement") reached between Plaintiff and Office Depot on behalf of a Settlement Class comprised of all persons who are and/or were employed as non-exempt employees by Office Depot in California, who received a Bravo payment after January 19, 2007 but before September 1, 2012, and who worked more than one minute of overtime during the calendar month preceding the Bravo payment. According to the records of Office Depot, you are a member of the Settlement Class. This letter explains your legal rights and options with respect to the Settlement.

**C.     The Terms Of The Settlement**

Office Depot has agreed to pay the Gross Settlement Amount of $350,000 in exchange for a release of the claims asserted by Plaintiff and Class Members in the lawsuit. It is estimated that, after deductions from the Gross Settlement Amount of administrative expenses (estimated to be approximately $20,000), attorney's fees (not to exceed $140,000), attorney's costs (not to exceed $15,000), a payment to the California Labor and Workforce Development Agency (not to exceed $5,000), all payroll taxes, and a class representative enhancement payment to Plaintiff (not to exceed $5,000), approximately $165,000 (the Net Settlement Amount) will be distributed to as follows:

a.     Each member of the Settlement Class is entitled to a pro-rata share of $9,000 in proportion to the relative percentage of Bravo payments received by that member of the Settlement Class during the class period.

b.     Each member of the Settlement Class whose employment with Office Depot ended between January 19, 2008 to September 1, 2012 (members of the "Former Subclass") are entitled to an equal share of the remainder of the Net Settlement Amount.

**D.     Your Options**

You have three options: 1) participate in the Settlement (by doing nothing); 2) object to the Settlement; or 3) request exclusion from the Settlement.

**1.     Participate In The Settlement**

In order to receive a share of settlement benefits, **you need not do anything**. As long as you do not request exclusion from the Settlement, you will receive a settlement payment as a member of the Settlement Class. As long as you do not request exclusion from the Settlement,

and if your employment with Office Depot terminated between January 19, 2008 and September 1, 2012, you will also receive a settlement payment as a member of the Former Subclass.

    **2.    Object To The Settlement**

As long as you do not exclude yourself from the Settlement, you have the right to object to the Settlement. To do so, an objection in writing must be sent to the Court and the attorneys for the parties at the addresses listed below. Your objection must be received or, if sent by mail, postmarked no later than September 10, 2013.

| Class Counsel | Office Depot Counsel | The Court |
|---|---|---|
| Gregory N. Karasik | Barbara J. Miller | Judge Susan Illston |
| Karasik Law Firm | Morgan, Lewis & Bockius LLP | United States Courthouse |
| 11835 W. Olympic Blvd. | 5 Park Plaza | Courtroom 10 |
| Suite 1275 | Suite 1750 | 450 Golden Gate Avenue |
| Los Angeles, CA 90064 | Irvine, CA 90067 | San Francisco, CA 94102 |

    **3.    Exclude Yourself From The Settlement**

If you wish to exclude yourself from the Settlement, you must submit a valid Request for Exclusion Form. A Request for Exclusion Form is included with this Notice. In order to be valid, a Request for Exclusion Form must be filled out completely and received by the Settlement Administrator or, if sent by mail, postmarked, no later than September 10, 2013.

If you exclude yourself from the Settlement, you will not be entitled to recover any settlement benefits or object to the Settlement (which means if you submit both a request for exclusion and an objection, the objection will be disregarded), but you will retain the right to bring any claims you may have against Office Depot. If you do not exclude yourself from the Settlement, you will upon final approval of the Settlement be bound by the release of claims against Office Depot described below and you will lose the right to sue Office Depot for any of the claims asserted in the Lawsuit.

**E.    Release Of Claims**

Unless you exclude yourself from the Settlement, upon final approval of the Settlement by the Court you will be deemed to have given up your right to sue Office Depot, and each it of its affiliates and related entities (including, without limitation, their parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives, with respect to all claims made in the Lawsuit, or arising out of or relating to the claims made in the Lawsuit based on the facts alleged in the Lawsuit, including, but not limited to, failure to pay overtime wages (including California Labor Code Sections 510, 1194), failure to pay all wages owed upon employment termination (including California Labor Code Section 203), failure to provide

accurate wage statements (including California Labor Code Section 226), unfair competition (including California Business and Professions Code Section 17200 *et seq.*), and violation of California's Private Attorneys General Act ("PAGA") (including California Labor Code Section 2698 *et seq.*).

The release of claims set forth in this section includes unknown released claims that you do not know or suspect to exist in your favor at the time of the time of the release, and which, if known by you might have affected your decision to settle with and to release Office Depot, or might have affected your decision to exclude yourself from the Settlement or to object to this Settlement. With respect to the release claims only, unless you exclude yourself from the Settlement, upon final approval of the Settlement by the Court you will be deemed to have waived the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims, including without limitation any applicable benefits or rights under California Civil Code section 1542, which provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

### F. Final Fairness Hearing

The Court has scheduled a Final Fairness Hearing for October 25, 2013 at 9:00 a.m. in Courtroom 10 of the United States Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102. At the Final Fairness Hearing, the Court will decide whether or not to grant final approval to the Settlement. The Court will also rule at the Final Fairness Hearing on the application by Plaintiff for an award of attorney's fees of up to $140,000; an award of costs up to $15,000; and the award of a service enhancement to Plaintiff of up to $5,000. Plaintiff will file a petition for fees, costs, and a service enhancement to Plaintiff no later than August 16, 2013. This petition shall be available for review at the Court which is located at 450 Golden Gate Ave, San Francisco, CA 94102, or on the Court's web-site at: http://www.cand.uscourts.gov/cm-ecf. You need not attend the Final Fairness Hearing but, if you object to the Settlement, you have the right to attend the Final Fairness Hearing and address the Court. You also have the right to retain an attorney, at your own expense, to speak on your behalf.

### G. Where To Get More Information

If you want more information about the Lawsuit or the Settlement, you can contact the attorneys for the Class or any other advisor of your choice. You can also view and obtain copies of lawsuit related documents in the Court's file by going to the clerk's office located at 450 Golden Gate Ave., San Francisco, CA 94102. DO NOT CONTACT THE COURT.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD DAVID PROVINE, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE DEPOT, INC. and DOES 1 through 10,<br><br>Defendants. | Case No. CV 11-00903 SI<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

The motion of plaintiff Howard David Provine ("Plaintiff") for an order granting preliminary approval of the class action settlement (the "Settlement") reached with defendant Office Depot, Inc. ("Defendant") came regularly on for hearing. Good cause having been shown, Plaintiff's motion is GRANTED and IT IS HEREBY ORDERED:

1. The Court grants preliminary approval of the Settlement, and preliminarily finds the terms of the Settlement to be fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, including the amount of the settlement fund; the amount of distributions to class members; the procedure for giving notice to class members; the procedure for objecting to or opting out of the Settlement; and the maximum amounts allocated to an incentive payment, costs and attorney's fees.

[proposed] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

2. The Court preliminarily certifies for settlement purposes the Settlement Class described in the Settlement, comprised of all persons who are and/or were employed as non-exempt employees by Defendant in California, who received a Bravo payment after January 19, 2007 but before September 1, 2012, and who worked more than one minute of overtime during the calendar month preceding the Bravo payment

3. The Court appoints Plaintiff as representative for the Settlement Class.

4. The Court appoints Gregory N. Karasik of Karasik Law Firm, and Alexander I. Dychter of Dychter Law Offices, APC as counsel for the Settlement Class.

5. The Court appoints CPT Group, Inc., as the Settlement Administrator.

6. The Court directs the Settlement Administrator to provide notice to class members as set forth in the Settlement.

7. The Court establishing the following litigation schedule and deadlines:

- Defendant shall provide the Settlement Administrator with the Class Data no later than June 28, 2013.
- The Settlement Administrator shall provide notice to the Class Members no later than July 12, 2013.
- Deadline for Plaintiff to file a petition for fees, costs, and enhancement award for Plaintiff: August 16, 2013.
- Deadline for members of the Settlement Class to opt out of the settlement or object to the Settlement: September 10, 2013.
- Deadline for Plaintiff to file motion for final approval: October 11, 2013.
- Final Approval and Fairness Hearing: October 25, 2013 at 9:00 a.m.

Dated: 6/17/13

_____
United States District Judge

[proposed] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT