IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD DAVID PROVINE, *et al.*, | No. C 11-903 SI |
| Plaintiffs, | **ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL AND GRANTING IN PART PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS AND AN ENHANCEMENT PAYMENT** |
| v. | |
| OFFICE DEPOT, INC., | |
| Defendant. | |

On November 15, 2013, the Court held a hearing on plaintiffs' motion for final approval of the class action settlement reached with defendant Office Depot, Inc., and on plaintiffs' motion for attorney's fees and costs and for an enhancement payment.

In an order filed June 17, 2013, this Court granted preliminary approval of the class settlement, conditionally certified a class for purposes of settlement, and approved the proposed forms of notice to Class Members and the notice plan.

No class member objected to the settlement, and 40 class members, or 1.24% of the class, opted out of the settlement.

Having reviewed all of the submissions presented with respect to the proposed Settlement, as well as the arguments of counsel, the Court GRANTS final approval to the Settlement, finding it fair, adequate and reasonable. The settlement was reached only after considerable motion practice, including an interlocutory appeal to the Ninth Circuit. The Court also finds that notice was provided to the settlement class members as contemplated by the Preliminary Approval Order, and that class members were provided proper and adequate notice of their rights in a manner that satisfies the requirements of Due Process.

The Court certifies for settlement purposes the Settlement Class described in the Settlement, comprised of all persons who are and/or were employed as non-exempt employees by Defendant in California, who received a Bravo payment after January 19, 2007, but before September 1, 2012, and who worked more than one minute of overtime during the calendar month preceding the Bravo payment.

The Court orders that all class members who did not timely file an Exclusion Form are barred from prosecuting against the Released Parties any and all released claims as set forth in the Settlement.

The Court directs payment from the settlement fund of settlement administration fees to CPT Group, Inc., in the amount of $22,000 in accordance with the Settlement.

The Court directs payment from the settlement fund of settlement benefits to class members who did not timely request exclusion from the Settlement, in accordance with the Settlement.

The Court directs payment from the settlement fund of $5,000 to the Labor Workforce Development Agency in accordance with the Settlement.

Plaintiffs' counsel seek attorneys' fees in the amount of $140,000, which is approximately 40% of the settlement fund. Counsel recognize that this is above the usual range for attorney fee awards in common fund cases. However, plaintiffs' counsel argue that such a fee award is warranted because they obtained excellent results and defendant tenaciously litigated this case, and counsel note that their lodestar is at least $199,990, and thus a $140,000 fee award results in a negative multiplier of .7.

In the Ninth Circuit in common fund cases the "benchmark" award is 25 percent of the recovery obtained, with 20-30% as the usual range. *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). As the *Vizcaino* court noted, the 25% benchmark rate is a starting point for the analysis, and the selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case, including the result achieved, the risk involved in the litigation, the skill required and quality of work by counsel, the contingent nature of the fee, awards made in similar cases, and the lodestar crosscheck. *Id.* at 1048-50. These factors are consistent with the approach followed by California courts. *See generally Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19 (2000).

In this case, the Court recognizes that the settlement with regard to the Bravo award claim is excellent. The Court also recognizes the not-insignificant risk involved in litigating that claim.

2

However, as recognized by plaintiffs' counsel at the hearing, this case originally included broader and more significant claims regarding commissions and overtime, and those claims were ultimately abandoned leaving only the Bravo award claim. While the Court finds that this case presents factors that justify an award in excess of the 25% benchmark – namely 33% of the common fund – the Court does not find that this is one of the very unusual cases meriting a 40% fee award. As such, and considering all of the relevant factors, the Court finds that an award of 33% of the settlement fund ($115,500.00) is an appropriate award of attorneys' fees in this case.

Plaintiffs' counsel also seeks an award of costs of $13,473.21. The Court finds that the costs award requested is reasonable and supported by the record.

The Court finds that the requested enhancement payment of $5,000 to the named plaintiff is appropriate.

The Court hereby dismisses this action with prejudice, and a final judgment will be filed concurrently. However, notwithstanding entry of final judgment, the Court shall retain jurisdiction in this matter for the purposes of interpreting or enforcing the Settlement or final judgment.

**IT IS ORDERED**.

Dated: November 25, 2013

SUSAN ILLSTON
United States District Judge